No. 22778.

BEVERLY J. CACIC *v.* GEORGE J. CACIC.
(432 P.2d 768)

Decided October 30, 1967.

Francis R. Salazar, Robert L. Pitler, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

Mr. Justice Day delivered the opinion of the Court.

Plaintiff-husband instituted an action for divorce against defendant-wife on the grounds of physical and mental cruelty and sought custody of the two minor twin daughters of the parties, who, at the time of the commencement of the action, were approximately four and a half years of age. Defendant-wife denied the acts of cruelty and counterclaimed for divorce on similar

grounds and likewise asked that the custody of the children be awarded to her. The trial court granted a divorce to each party. The custody of the twin daughters — by that time five and a half years of age — was given to the father.

The findings of the trial court to which this writ of error is directed were as follows:

"The Court finds that there is sufficient evidence, based on cruelty, mental cruelty, on the part of each of these parties in this marriage of theirs, that each party should be granted a divorce in the matter on the basis of cruelty.

"I further find that, for the time being, — and, this has been a difficult decision to make, and, I have given it a great deal of thought — that the children should be with the father, with the hope, and, I think I will make it a part of this order, that the, that there be further, and, diagnosis, as it were, and, findings on Maria as to what can and should be done with this little girl for her mental health."

In the wife's motion for a new trial, which was overruled, there was raised for the first time the failure of the complaint to state the statutory ground upon which the divorce could be granted. The matter is made one of the assignments of error in this court. On this particular point, assuming the complaint to be deficient in failing to contain the necessary statutory language, such issue was not raised prior to or during the trial and was waived. Furthermore, the record amply supports the decree of divorce in favor of the husband.

The wife also argues that the trial court's findings were insufficient to warrant granting of custody to the father. She alleges that in Colorado the mother should not be deprived of the custody of children of tender years unless the court finds, with sufficient support in the record, facts which will lead to the conclusion of law that the mother is unfit and that custody in her will endanger the welfare of the minor children. *Hayes*

*v. Hayes,* 134 Colo. 315, 303 P.2d 238; *Averch v. Averch,* 104 Colo. 365, 90 P.2d 962.

Our review of the record convinces us that the court's findings were, in fact, inadequate. The court did not make any finding of fact or even assert the conclusion of law that the mother was unfit to have custody of the minor daughters of the parties. The findings were also deficient in that there were no facts set forth or determination made that it was for the best interests of the children that their custody be given to the father. In order to award custody to any party, such findings and conclusions are necessary.

Although there is evidence in the record which, if adopted by the court, might support such findings, there was conflict in the testimony bearing on the issue of the fitness of the mother and the best interests and welfare of the children. It is not the function of this court to search the record and supply the findings. We are not triers of fact. *Greathouse v. Jones,* 158 Colo. 516, 408 P.2d 439; *Carpenter v. Donohoe,* 154 Colo. 78, 388 P.2d 399.

The judgment and award of custody is, therefore, set aside and the cause remanded with directions that the trial court, after affording the parties opportunity to present additional evidence as may now be pertinent, enter findings of fact and conclusions of law consonant therewith.

MR. JUSTICE SUTTON AND MR. JUSTICE KELLEY not participating.