512 P.2d 637 (1973)
Jean Marie RAYER, Plaintiff-Appellant,
v.
Richard S. RAYER, Defendant-Appellee.
No. 72-199.
Colorado Court of Appeals, Div. I.
July 17, 1973.
*638 Jack D. Feuer, Bruce Myr Flossic, Denver, for plaintiff-appellant.
Thomas C. Donovan, Daniel B. Mohler, Colorado Springs, for defendant-appellee.
Selected for Official Publication.
SMITH, Judge.
On December 31, 1971, Jean Marie Rayer, plaintiff, was granted a decree of divorce from Richard S. Rayer, defendant. The court, after a hearing, awarded custody of four children to defendant and granted plaintiff reasonable rights of visitation. The court also divided property between the parties and awarded alimony in gross. Plaintiff appeals asserting various allegations of error which we find to be without merit. We therefore affirm.
*639 Plaintiff asserts initially that the court improperly utilized an investigative report made by an officer of the Juvenile Probation Department in arriving at its decision relative to custody. While it is true that the investigative report was not formally offered and received in evidence, this does not prevent the court from considering the conclusions or recommendations contained in the report. 1967 Perm. Supp., C.R.S.1963, 46-1-5(7). The investigative report was made a part of the record and had been furnished previously to both parties. Although she did not choose to do so, plaintiff had the right to call and examine the author of the report. See Anderson v. Anderson, 167 Colo. 88, 445 P.2d 397; Aylor v. Aylor, 173 Colo. 294, 478 P.2d 302. The court did not err in its use of the investigative report.
Plaintiff alleges that the trial court erred when it discussed the case with the author of the investigative report. The only evidence of such a conversation is a statement of the court in the record that it had spoken to the author of the investigative report two or three times. There is no indication from the record, or any other source, that these discussions exceeded the bounds of propriety and delved into the truth of any facts. From this alone we cannot presume that the trial court considered evidence outside of the record in making its decision. Rather, the presumption is that in making its decision, the trial court disregarded any incompetent evidence, or additional information to which it might have had access. Vanadium Corporation v. Wesco Stores Co., 135 Colo. 77, 308 P.2d 1011.
The trial court met with the children privately without the presence of counsel or a court reporter. Plaintiff points out that 1971 Perm.Supp., C.R.S.1963, 46-1-26, provides that the court may confer with a child privately but requires that a record of the interview be made a part of the record. In the present case, the court, without objection from counsel of either party, conducted private interviews of the children and made no record of the interviews. However, the statute cited by the plaintiff was not in effect at the time of this interview, and the court will be held to the standard of the common law existing at the time the interviews took place. In the absence of the statute, the conflict becomes one between the fundamental precept of due process that a judicial decision must be based on the evidence presented in open court with adequate opportunity for each party to challenge the evidence presented by the other and the pressures upon a child involved in a custody hearing when the child is called upon to state a preference. See the discussion in Rea v. Rea, 195 Or. 252, 245 P.2d 884. However, as was pointed out in Oakes v. Oakes, 45 Ill.App.2d 387, 195 N.E.2d 840, a hearing on custody is distinguishable from the ordinary adversary civil proceeding. Custody cases are not adversary proceedings, but hearings to determine what placement of the child will be in the child's best interests. The trial court, who is best able to appraise the circumstances of the parties, is best fitted to make the factual determinations regarding custody. For this reason the determination of custody is left to the discretion of the trial judge. Hence, in the absence of an abuse of that descretion, we will not disturb these determinations. Wiederspahn v. Wiederspahn, 146 Colo. 214, 361 P.2d 125.
In the present case, the court announced several times its intention to interview the children without the presence of counsel or of a reporter. No timely objection was made to such procedure and it is apparent from the record that both parties were aware of the preferences of the children which the court intended to ascertain in the interviews. After the interviews had been concluded, the court specifically solicited objections to the proceeding and none were forthcoming. Counsel made no request of the court that he state the substantive content of the statements made by the children, and, in fact, the actions of plaintiff-appellant implied consent to the form of the proceedings. Therefore, in *640 spite of the requirement of the law now in effect, and in light of the large amount of discretion given the trial court in these matters, we do not feel that any procedural error which may have inadvertently been committed by the court was of such magnitude as to require reversal on this issue.
Plaintiff argues that because the court did not find the mother unfit to have custody of the children, it erred by failing to award the custody of the minor children to her. The mere fact of motherhood is not sufficient to give plaintiff any special standing in the proceeding or preference as to custody. 1967 Perm.Supp., C.R.S.1963, 46-2-4(6). The prime criterion in the court's determination is the welfare of the children. Breene v. Breene, 51 Colo. 342, 117 P. 1000.
Plaintiff argues that the court's findings of fact are not sufficient to support the custody award under Cacic v. Cacic, 164 Colo. 103, 432 P.2d 768. In that case the court made no findings nor gave any explanation to support its award of custody to their father. In the present case, the court found from the bench at the end of the hearing that the best interests of the children would be served by awarding the children to defendant, and in so doing explained the facts and reasons upon which it based its decision. This is sufficient to meet the requirements of Cacic.
The court awarded alimony in gross to plaintiff. This is asserted to be error by plaintiff for the reason that she feels that the amount was inadequate and that the court should have retained jurisdiction to modify its alimony award. Whether the court should award periodic alimony or alimony in gross is within the sound discretion of the court. Carlson v. Carlson, Colo., 497 P.2d 1006. Periodic alimony is generally favored because the court retains jurisdiction of the matter and may later modify the award. Alimony in gross will not normally be awarded unless special circumstances are present which support such award. Carlson, supra. In the present case the wife does not have custody of the children. There is no indication that the wife cannot find employment and support herself. In addition, the financial condition of defendant was such that because of his additional burden of the children his entire income was necessary to support the children, and an award in gross obviated the necessity of encumbering his earning capacity. The amount awarded for alimony was not so grossly inadequate, in our opinion, as to constitute an abuse of discretion.
Plaintiff complains that the court inequitably divided the property between the parties. The basis of this claim is the failure of the court to determine a value of the defendant husband's television repair business. The record discloses that the sole assets of the business were the tools necessary to repair television sets and a certain inventory of sets to be repaired or sets to be sold, many on consignment. The defendant's testimony supported the conclusion of the trial court that he would need the entire income from his business to support himself and the children. Defendant was awarded his business with its income producing potential, and plaintiff was awarded income producing rental property. The disparity in values awarded to the parties is not great, particularly in light of the continuing additional responsibility of the defendant father who retained custody of the four minor children of the parties. The division of property in a divorce proceeding again is a matter resting within the sound discretion of the trial court. Hyde v. Hyde, 169 Colo. 403, 457 P.2d 393. We find no abuse of that discretion.
Finally, plaintiff claims that it was error for the trial court to not have awarded attorney fees to her. The allowance of attorney fees was considered by the court in conjunction with matters of property settlement, and the issue must therefore depend upon whether the record reflects that the property settlement order contemplated attorney fees and whether as a whole it was fair and equitable. Krall v. Krall, 31 Colo.App. 538, 504 P.2d 681. We *641 conclude that, in substance, the property settlement order was fair and equitable and that the trial court intended its order to resolve attorney fees as part of its settlement of alimony and property division.
Judgment affirmed.
ENOCH and PIERCE, JJ., concur.