## No. 26681

## Kay Enenbach Rhoades v. Lyman Rhoades
(535 P.2d 1122)

Decided May 27, 1975.

424

Sheldon, Bayer, McLean & Glassman, James T. Bayer, for petitioner-appellee.

Richard L. Whitworth, for respondent-appellant.

*En Banc*.

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

This is an appeal from a dissolution decree in which the respondent-appellant, Lyman Rhoades, contends that the district court abused its discretion with respect to custody orders and visitation rights, maintenance, child support, and property disposition. He further contends that 1971 Perm. Supp., C.R.S. 1963, 46-1-30,[1] which gives to the custodial parent the right to "determine the child's upbringing," is facially unconstitutional and is violative of his right to the equal protection of the law as guaranteed by the Fourteenth Amendment to the United States Constitution. We find that none of his contentions have any merit, and affirm the judgment of the district court. The facts relevant to each of the appellant's contentions will be discussed in conjunction with our analysis of those contentions.

I.

First, the appellant contends that the trial court abused its discretion in awarding custody of the parties' only child to the respondent, Mrs. Rhoades, and in limiting the visitation rights of Lyman Rhoades to daytime visits only. He contends that the evidence revealed that both parties loved the child, and since he was to maintain the family home, and there was some possibility that Mrs. Rhoades might leave the state to seek employment, the court should have awarded him custody.

It is the well-settled law of this state that the question of custody is a matter within the discretion of the trial court after taking into consideration the various factors outlined in the statute for the purpose of determining the best interest of the child. Once that determination is made, this court will not substitute its judgment for that of the trial judge if there is sufficient evidence to support his conclusion. *Root v. Allen,* 151 Colo. 311, 377 P.2d 117. Here, there is adequate evidence in the record to support a conclusion that Mrs. Rhoades would be more responsive to the needs of the 20 month old child than Mr. Rhoades. Furthermore, the evidence provides a substantial basis for the trial court's limit-

---

[1]Now section 14-10-130, C.R.S. 1973.

ing his visitation rights to daytime hours until the child is 4 years old.

## II.

■ Second, the appellant contends that the trial court abused its discretion in awarding $250 per month maintenance to Mrs. Rhoades.

The record reveals that at the time of the hearing Mrs. Rhoades was not employed, that there was very little marital property to distribute, that she was to take custody of the child, and that Lyman Rhoades, with a gross yearly income of approximately $17,000 was able to afford this sum. We cannot say that the trial court abused its discretion in making this award. We point out, however, that should Mrs. Rhoades, a former teacher, find employment, upon proper motion the trial court should consider modification of the maintenance award.

## III.

■ Third, the appellant contends that the $217 per month that he is required to pay for child support is excessive. Mrs. Rhoades testified that baby-sitting, clothing, food and health insurance for the child was $195 per month. Apparently the judge added $22 for other expenses attributable to the child and arrived at the figure of $217. We cannot say that under such circumstances the award constitutes an abuse of discretion such as to require reversal by us. *Huber v. Huber,* 143 Colo. 255, 353 P.2d 379. Again we point out that when the circumstances are such that the mother can return to work, the court must reconsider the award, for it is true, as appellant suggests, that the mother also bears part of the obligation for the support of a child of divorced parents.

## IV.

Fourth, the appellant contends that the trial court erred in treating the family home as marital property, and in valuing the home on the basis of gross rather than net equitable value.

The home, which was stipulated by the parties to have a gross sales value of $54,000, had an encumbrance of $29,300. The down payment of $13,500 was paid for out of a sum that had been inherited by the appellant. The house was owned by both parties in joint tenancy.

The trial court ordered that the house was to become the sole

property of the husband. It then set aside the $13,500 as the husband's separate property, and divided the remaining equity, $11,200, equally between the parties so that Lyman Rhoades was to pay $5,600 to Kay Rhoades by February 7, 1976, or when the home was sold, whichever occurred first.

█ There was no abuse of discretion in this disposition. The equity in the house consisted of Lyman Rhoades' separate property, the $13,500 which the court properly set aside to him, and marital property, the remaining equity in the house which was acquired subsequent to the marriage. 1971 Perm. Supp., C.R.S. 1963, 46-1-13(3). That the court allowed one-half of the appreciation to the wife, a joint tenant, cannot be considered an abuse of discretion.

In conjunction with the disposition of the house, the appellant contends that the trial court erred in not deducting normal seller's costs from the value of the home when it purported to split between the parties the remaining equity in the home. However, these "seller's costs," which appellant claims will be approximately $5,000 are speculative at best. He may not decide to sell the house, or if he does decide to sell, he may not employ the services of a real estate agent. Furthermore, the $5,600 that he is to pay to Kay Rhoades by February 7, 1976 as her share of the equity does not carry interest. By specifically excluding interest from this payment, and figuring on the market value of the house, it appears that the trial court balanced these competing considerations to achieve an equitable result. We cannot say that this was an abuse of the court's discretion.

### V.

█ The appellant next contends that the court erroneously denied him credit for maintenance and child support under temporary orders in the month of February, 1974. He asserts that he paid $250 on February 1 for that month, and on February 7, in its final order, the court ordered an increase in this amount to $467 per month, and that he paid $225 more on February 15. While it is true that the trial court could have tailored the final award to consider the amount already paid under temporary orders for the month of February, we know of no authority, and none has been cited to us that requires the court to tailor its final decree. We do not feel that that court abused its discretion in not tailoring its

decree to give Lyman Rhoades credit for money already paid.

VI.

■ Finally, the appellant contends that 1971 Perm. Supp., C.R.S. 1963, 46-1-30 violates the equal protection clause of the Fourteenth Amendment to the United States Constitution in that it discriminates against non-custodial parents and children of divorced parents. Basically, the appellant argues that this statute, which gives the custodial parent the right to determine the child's upbringing, "including his education, health care, and religious training," denies to him, a non-custodial parent, the equal protection of the law.

This argument is totally without merit. A legislative classification, where, as here, the class created is not a suspect one, need only be "reasonable, not arbitrary, (resting) upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike." *Royster Guano Co. v. Virginia,* 253 U.S. 412, 40 S.Ct. 560, 64 L.Ed. 989. Here it is obvious that the legislature considered that the best interest of the child would be served by having these crucial decisions made by the parent who has the most constant and intense contact with the child — the custodial parent. We fail to see how such a statutory resolution of the problems caused by constant buffeting of a child between two parents who disagree on the issues of the child's upbringing, including his education, health care and religious training, is arbitrary and without a rational basis.

The judgment of the district court is affirmed.

MR. JUSTICE KELLEY and MR. JUSTICE ERICKSON do not participate.