### No. 27563

### Donald C. Menne v. Marsha S. Menne

(572 P.2d 472)

Decided November 29, 1977.

Bye & Gascoyne, David Bye, for appellant.

Marsha S. Menne, pro se.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

This appeal is taken from a portion of a dissolution decree granting custody of a five-year-old child to her mother. We perceive no error and thus affirm the judgment.

The parties to this dissolution proceeding were married on October 1, 1966. One female child, Tara Marie Menne, was born to them on February 5, 1971. A petition for dissolution of their marriage was filed on January 16, 1976. Both parties agreed that the marriage was irretrievably broken. Custody of the only child was the focus of the hearings held in connection with the dissolution. After giving temporary custody of Tara to her mother, Marsha S. Menne, on May 7, 1976, the court awarded permanent custody to her on September 8, 1976.

Appellant-father, Donald C. Menne, challenges this custody award on a number of grounds which we shall consider in order.

I.

■ Appellant's first argument is that his equal protection rights have been violated because the trial court awarded custody of Tara to her mother, solely on the basis of Marsha's sex. *Colo. Const.* Art. II, Sec. 29; *U.S. Const.* amend. XIV. We do not consider this claim because appellant has not demonstrated sufficient factual support for his claim of sex discrimination. *In Re Marriage of Franks*, 189 Colo. 499, 542 P.2d 845, *application for stay denied*, 423 U.S. 1043, 96 S.Ct. 766, 46 L.Ed.2d 632.

Appellant presents to us a sampling of custody cases handled by this trial judge that he has found in court files and social services documents. He accompanies this listing, however, with the caveat that "compilation of cases may not be complete." Additionally, he fails to show, in the cases in which custody was awarded to the wife, whether the husband ever contested the claim to custody. Statistical evidence may be important in proving a claim of discrimination. But the statistics used here, randomly and informally selected from court files, are so incomplete that it cannot be determined whether custody was contested by the fathers. *See In Re Marriage of Franks, supra.* This court cannot make an informed judgment on such an inadequate basis.

Moreover, the statistics presented do not demonstrate an unreasonable and closed-minded attitude of the trial judge. In five of the eleven listed cases, the court placed at least one child with the father. A reading of the trial transcript reveals numerous statements of the trial court that it could not and would not engage in any presumption in favor of the mother in determining custody. In view of the trial court's fairminded approach to this case, the appellant's equal protection claim is also without foundation in the record.

II.

Appellant's second contention is essentially that the custody award to the mother was not in the best interests of the child.

■ A court is mandated to determine an award of custody in accordance with the best interests of the child, based upon the various factors outlined in the statute. Section 14-10-124(1), C.R.S. 1973.[1] The decision

---

[1]Section 14-10-124, C.R.S. 1973, provides:
"* * * In determining the best interests of the child, the court shall consider all relevant factors, including:
"(a) The wishes of the child's parents as to his custody;
"(b) The wishes of the child as to his custodian;
"(c) The interaction and interrelationship of the child with his parents, his siblings, and any other person who may significantly affect the child's best interests;
"(d) The child's adjustment to his home, school, and community; and
"(e) The mental and physical health of all individuals involved."

in this sensitive area is appropriately left to the sound discretion of the trial judge. *Rhoades v. Rhoades,* 188 Colo. 423, 535 P.2d 1122; *Rayer v. Rayer,* 32 Colo. App. 400, 512 P.2d 637. This court will not upset a decision awarding custody if there is sufficient evidence to support it. *Rhoades v. Rhoades, supra; Root v. Allen,* 151 Colo. 311, 377 P.2d 117.

■ There was ample evidence here to support the court's custody award under section 14-10-124(1), C.R.S. 1973. First, the mother desired to have the child. Second, the child did not choose one parent over another, but wished to be with both her mother and her father. Third, the child had a close relationship with her mother. Fourth, although it was necessary for the mother to take Tara from Fort Collins to Arizona, Tara would have had to enroll in a new kindergarten wherever she might be. All those who knew the child agreed that she is a well-adjusted child who can cope with new situations. Fifth, the mother is a mentally and physically healthy professional woman who does not mistreat or neglect Tara in any way. In sum, although the evidence showed that both parents were well-equipped to bring up Tara, the choice in favor of the mother is supported by sufficient evidence, and does not demonstrate an abuse by the trial court in exercising its discretion.

## III.

■ Appellant's third contention is that the trial court failed to make adequate factual findings to support its award. A trial court is required to make sufficient factual findings in support of a custody decision. *Cacic v. Cacic,* 164 Colo. 103, 432 P.2d 768; *In Re Marriage of Jaramillo,* 37 Colo. App. 171, 543 P.2d 1281. In this case, we hold that the trial court made sufficient findings of fact and that these findings sufficiently delineate the reasons underlying the court's decision.

## IV.

■ Finally, appellant argues that the trial court should not have upheld a claim of privilege to certain testimony of a certified psychologist. We do not reach this question because no objection was raised at the trial to the claim of privilege. The Rules of Civil Procedure apply to dissolution of marriage proceedings. Section 14-10-105, C.R.S. 1973. C.R.C.P. 46 specifically requires that a party state "his objection to the action of the court and his grounds therefor." Appellant had many opportunities to object and to give the trial court a chance to cure any defect, but failed to do so. Therefore, we do not consider his argument on appeal. *See Anderson*

*v. Anderson*, 124 Colo. 74, 234 P.2d 903.

Since we find no merit in any of the appellant's claims, we affirm the judgment.

MR. JUSTICE GROVES does not participate.