**In re the MARRIAGE OF Victor RINOW, Appellant,**

**and**

Karen Rinow, Appellee, and concerning Kimberly Victoria Rinow a/k/a Kimberly Victoria Mortensen and Michael James Rinow, minor children, Intervenors-Appellees.

No. 79CA0554.

Colorado Court of Appeals, Div. II.

Jan. 29, 1981.

Hackethal, McNeill & Aucoin, P.C., George C. Aucoin, Lakewood, for appellant.

Eileen B. Bisgard, Longmont, for appellee.

Feder, Morris & Tamblyn, P.C., Katherine Tamblyn, Denver, for intervenors-appellees.

SMITH, Judge.

Victor Rinow appealed an order of the trial court granting permanent custody of his two children to their mother, Karen Rinow, Victor's former wife. We affirm the award of custody.

The marriage between the parties was dissolved by decree on August 4, 1977. Two children had been born as issue of the marriage, a daughter and a son. They were eight and six years old respectively on the date of entry of the decree, at which time the question of custody orders was reserved for later determination. On March 30, 1979, permanent custody of the minor children was awarded to the mother, Karen Rinow. This was done after a lengthy hearing which consumed approximately three and one-half days, and involved some eleven witnesses. At the hearing both of the parties were present and represented by counsel. The children were represented by court appointed counsel, who actively participated in the hearing.

### I.

The father contends that the trial court erred in determining custody based upon the criteria set forth in § 14–10–124, C.R.S. 1973, which deal with "best interests of child." He asserts that because the children had been allowed to remain in his care for several years, the trial court should have applied the criteria set forth in § 14–10–131, C.R.S. 1973, relating to "modification." We find no merit in this contention.

Since the court deferred its custody decision when the decree of dissolution was entered until the hearing which resulted in the present order, the order here appealed from is the first permanent custody order entered in this case. Furthermore, although the trial court was correct in applying § 14–10–124, C.R.S. 1973, it made an additional finding beyond those required by that section. After recognizing that the children had been with their father for some time, the court found,

"the children's present environment could, and as a matter of reasonable probability would, endanger their physical health or significantly impair their emotional development, and the harm likely to be caused by a change in environment is outweighed by the advantage to the children in question."

Thus, although not required to do so, the trial court also found that the criteria contained in § 14–10–131, C.R.S. 1973, had been met as well.

### II.

We also reject the father's contention that the evidence did not support the findings made by the trial court.

Lengthy and detailed competent evidence was offered and received. The trial court's detailed findings and conclusions, all of which in our view were amply supported by the evidence which appears in the record reflects careful analysis and reflection. Questions of custody of necessity rest upon the judgment of the trier of fact, and its determinations will not be disturbed if

there is sufficient competent evidence to support the conclusions it reaches. *Menne v. Menne*, 194 Colo. 304, 572 P.2d 472 (1977); *Rayer v. Rayer*, 32 Colo.App. 400, 512 P.2d 637 (1973). We perceive no abuse of discretion in the trial court's award of custody.

### III.

■ The father next contends that the trial court considered certain evidence which he contends was too remote and some which he asserts was hearsay. This contention is likewise without merit. There is a presumption that in making its decision to award custody of a child, the trial court disregards any incompetent evidence. *Rayer v. Rayer, supra.* Assuming arguendo that there was evidence which was improperly admitted, there is nothing in the record to indicate that the trial court considered it in making its decision.

### IV.

■ Lastly, the father contends that the trial court erred in not interviewing the two children personally concerning their desires even though he did not request such interviews. Section 14–10–126, C.R.S. 1973, authorizes the trial judge to interview the children in chambers to ascertain their wishes as to their custodian. That section does not, however, mandate such interviews. Absent a statutory mandate to the contrary, we hold that the decision of whether or not to interview the children is a discretionary one. *See In Re Marriage of Davis*, Colo.App., 602 P.2d 904 (1979).

■ We find no such abuse of discretion here. The children were only eleven and eight years respectively at the time of the hearing. Each of the factors determinative of custody including, to some extent, the desires of the children, was dealt with in the testimony of other witnesses, and the children were represented by competent counsel. Throughout the hearing, that counsel acting on the children's behalf apparently did not feel it necessary to request that the court personally interview the children.

The order awarding permanent custody to the mother, Karen Rinow, is affirmed.

PIERCE and STERNBERG, JJ., concur.