**In re the MARRIAGE OF Deborah Marie LUCAS, Appellee,**

**and**

**Michael John Lucas, Appellant.**

**No. 80CA0919.**

Colorado Court of Appeals,
Div. II.

June 4, 1981.

Tegtmeier, Bennett & Sears, P. C., Lance M. Sears, Colorado Springs, for appellee.

Rebecca Snyder Bromley, P. C., Rebecca S. Bromley, Colorado Springs, for appellant.

TURSI, Judge.

Michael J. Lucas, (husband) appeals from an order of the trial court denying him interest on a promissory note for his share of the equity in the family home. We affirm.

On February 26, 1980, the marriage of the parties was dissolved. Custody of the parties' two children was awarded to the wife. The trial court also found that a forced sale of the family home would not be in the best interests of the children and awarded the home to the wife. At the time of the decree, the home, which was purchased in 1977 for $29,000 with full V.A. financing, had a fair market value of $42,-500.

The trial court concluded that the $13,500 increase in the value of the home was attributable to inflation and ruled that each party was entitled to $6,750. The wife was ordered to execute a promissory note for this amount payable to the husband, without interest, upon the sale of the house, or when the youngest child reached majority, or when both children were emancipated, whichever occurred first. The note was secured by a deed of trust on the house.

Husband contends that the trial court abused its discretion in refusing to award interest on the note. In the alternative, he contends that the award of the note is a final judgment which bears interest by operation of law. These contentions lack merit.

Whether interest should be allowed on a promissory note which represents a property division award is a matter which lies within the discretion of the trial court based on all of the attendant circumstances. *Rhoades v. Rhoades*, 188 Colo. 423, 535 P.2d 1122 (1975); *see also Phillips v. Phillips*, 171 Colo. 127, 464 P.2d 876 (1970). In *Rhoades v. Rhoades, supra*, the Supreme Court held that it was not an abuse of discretion for the trial court to deny interest on a promissory note where the party who was awarded the home would be obliged to carry the expenses incurred in the eventual sale of the house. By denying interest on the note,

the court balanced the equities between the parties.

Here, the trial court was faced with a similar situation. The record does not support the husband's assertion that the trial court interpreted *Rhoades* as prohibiting an award of interest. The court noted that *Rhoades* prevented it from presently deducting future selling costs from the equity, but in deciding not to allow interest, the court balanced the husband's non-payment of interest against the expenses the wife eventually would incur when she sold the house. The husband's affidavit regarding the financial impact of the non-allowance of interest is part of the record. There is nothing to indicate that the trial court failed to consider it in reaching its decision. We find no abuse of discretion. *See In re Marriage of Janko*, 533 P.2d 62 (Colo.App.1975) (not selected for official publication).

Nor does § 5–12–102, C.R.S.1973 (1980 Cum.Supp.) require an award of interest at this time. A decree determining property rights in a dissolution proceeding is a final judgment. In this case, however, the judgment for husband was in the form of a non-interest bearing promissory note due at a future date. In the event the wife defaults on the note, husband would, at that point, be entitled to reduce the note to judgment and receive interest at the statutory rate. *See* § 5–12–102, C.R.S.1973 (1980 Cum.Supp.).

Order affirmed.

PIERCE and STERNBERG, JJ., concur.