In re the MARRIAGE OF Barbara T. CLARKE, Appellant,

and

James G. Clarke, Appellee.

No. 82CA0965.

Colorado Court of Appeals, Div. III.

Sept. 29, 1983.

Miller & Vogel, Lawrence M. Vogel, Aurora, for appellant.

David C. Addison, Denver, for appellee.

BABCOCK, Judge.

In this dissolution of marriage action, mother appeals, contending that the trial court erred and abused its discretion in awarding custody of the parties four-year-old son to the father. We affirm.

After the parties separated, the mother was awarded temporary custody. During the almost two-year separation, the child spent time with both parents. The court found on supporting evidence that either could provide him with a favorable home environment. It found both parents to be good people with genuine interest in and love for the child. The court-ordered custody investigator opined that it was in the best interests of the child to be in the custody of the mother. The father presented a psychologist's report recommending that he be awarded custody. The court further found that the husband offered strong family ties, more parental time, and a farm environment which would be of particular benefit to the child. It concluded that the best interests of the child would be served by an award of custody to the father.

In making its award the court stated that in its experience "most young people in trouble ... have not had a meaningful relationship with their fathers .... I think it is very important for every boy to have a 'meaningful relationship' with his father .... I cannot help but take that into consideration." Wife contends on appeal that the court's order was violative of § 14–10–124(3), C.R.S.1973 (1982 Cum. Supp.). We disagree.

The statute provides: "In considering a proposed custodian, the court shall not *presume* that any person is better able to serve the best interests of the child because of that person's sex." (emphasis added) Here, although the court stated that one of its considerations in making the award was a belief in the importance of a 'meaningful

relationship' between a father and son; in the context of the court's overall findings the remark did not rise to the level of a presumption. *Cf. In re Marriage of Miller,* 670 P.2d 819 (Colo.App.1983).

The father concedes that the court's comments were ill-advised. He argues that the court made sufficient findings unrelated to parental gender to support its custody award. We agree.

In the absence of an abuse of discretion, a trial court's determination of custody will not be disturbed on review. *Rayer v. Rayer,* 32 Colo.App. 400, 512 P.2d 637 (1973). There is ample indication in the record that the trial court considered the factors enumerated in § 14–10–124, C.R.S. 1973. *In re Marriage of Jaramillo,* 37 Colo. App. 171, 543 P.2d 1281 (1975). The court's findings are supported by competent evidence and are binding on review. *Menne v. Menne,* 194 Colo. 304, 572 P.2d 472 (1977).

Here, the trial court had the best interests of the child in mind in awarding custody. Therefore, while we may disapprove of the court's remark, the error, if any, was harmless.

The judgment is affirmed.

STERNBERG and TURSI, JJ., concur.