In re the Marriage of Candace S. LORENZO, Appellant,

and

Louis R. Lorenzo, Appellee.

No. 85CA1089.

Colorado Court of Appeals, Div. III.

May 1, 1986.

Sonheim, Helm & Less, Daniel P. Powell, Arvada, for appellant.

No appearance for appellee.

KELLY, Judge.

Candace S. Lorenzo appeals the order of the trial court granting custody of her son to his father, Louis R. Lorenzo. She cites as error the trial court's denial of her motion for a continuance, its consideration of the written report of a court-appointed custody evaluator which was not in evidence as an exhibit, the court's failure to give the testimony of another expert greater weight, and the granting of custody contrary to what she views as the clear weight of evidence as to the child's best interests. We affirm.

The court's decision to award custody of the parties' two-year-old boy to the father was based upon the testimony of Mr. Rit- chey, a court-appointed custody evaluator for Adams County, the testimony of Dr. Hipp, a certified psychologist, and a written report by Mr. Ritchey which was not admitted in evidence as an exhibit. Mrs. Lorenzo had previously requested the court to appoint Dr. Hipp as a second custody evaluator. Apparently, the court did not do so. Two weeks before the hearing, Mrs. Lorenzo moved for a thirty-day continuance in order to allow her new attorneys more than a "mere" seven weeks to prepare for the hearing and to allow Dr. Hipp time to prepare a written report.

## I.

Mrs. Lorenzo contends that the trial court erred in denying her a thirty-day continuance on the grounds that seven weeks was inadequate time for her new attorneys to prepare for the custody hear- ing, and thirty days was inadequate time for Dr. Hipp to prepare a written report of her custody evaluation. We affirm the de- nial of the continuance.

Granting or denying a continuance lies within the sound discretion of the trial court, and its judgment will not be set aside on appeal unless there was a clear abuse of discretion. *People in Interest of V.A.E.Y.H.D*, 199 Colo. 148, 605 P.2d 916 (1980). The burden is upon Mrs. Lorenzo to show good cause for a continuance. *See Apollo Tire, Inc. v. United Bank*, 531 P.2d 976 (Colo.App.1974) (not selected for offi- cial publication) (denial of continuance not error where new counsel entered appear- ance four weeks before trial).

Mrs. Lorenzo neither alleged in her motion for a continuance that seven weeks was inadequate time to prepare for trial, nor has she demonstrated this on appeal. Mrs. Lorenzo did, however, allege that thir- ty days was not sufficient time for Dr. Hipp to complete a written evaluation, but has not demonstrated that the best inter- ests of the child were prejudiced by the unavailability of a written report. Dr. Hipp was orally examined at the custody

hearing, apparently to the satisfaction of Mrs. Lorenzo's attorney. The court also had the benefit of the testimony and a written report of the court-appointed evaluator, Mr. Ritchey. Under these circumstances, the court did not abuse its discretion.

## II.

Mrs. Lorenzo next contends that the trial court erred in considering the written report of Mr. Ritchey which was not admitted into evidence as an exhibit. We disagree.

■ In a child custody dispute, the trial court is not precluded from considering an investigative report which was not formally offered and received in evidence. *See Rayer v. Rayer*, 32 Colo.App. 400, 512 P.2d 637 (1973). Here, as in *Rayer*, the appellant had the right to call and examine the author of the report, and, in fact, did so. Mrs. Lorenzo has not asserted that she did not receive the report for examination and preparation before the custody hearing.

## III.

■ Mrs. Lorenzo contends that the trial court erred in giving greater weight to the testimony of a court-appointed expert than to that of a partisan expert witness. We disagree. *Massey v. District Court*, 180 Colo. 359, 506 P.2d 128 (1973) does not prohibit a trial court from considering the possibility that an expert witness may be partial because of employment by one of the parties.

■ The final contention of Mrs. Lorenzo that granting custody to the father was contrary to the overwhelming weight of the evidence is without merit. The record supports the judgment of the trial court. *See Rhoades v. Rhoades*, 188 Colo. 423, 535 P.2d 1122 (1975).

Order affirmed.

VAN CISE and METZGER, JJ., concur.