In re the MARRIAGE OF Pamela BOZARTH, Appellee,

and

Nathan Bozarth, Appellant.

No. 85CA1503.

Colorado Court of Appeals, Div. II.

March 24, 1988.

Rehearing Denied April 28, 1988.

Certiorari Granted (Wife) Aug. 22, 1988.

H.E. Carleno & Associates, P.C., H.E. Carleno, Littleton, for appellee.

Sampson and Associates, Carolyn L. Sampson, Ronald L. Cribbs, Golden, for appellant.

SMITH, Judge.

In this dissolution of marriage proceeding, Nathan Bozarth (father) appeals the trial court's order denying his motion to modify custody of the minor child of the parties. Father argues that the trial court improperly excluded relevant testimony from the present husband of Pamela Bozarth (mother), based on the husband-wife privilege, § 13–90–107(1)(a), C.R.S. (1986 Cum.Supp.). Father also argues that certain hearsay evidence should have been admitted based on the state of mind exception to the hearsay rule, and that the trial court improperly allowed into evidence documents pertaining to settlement negotiations between the parties. Based on father's first contention, we reverse and remand for a new hearing.

I.

We conclude that the husband-wife privilege is not applicable in proceedings where custody of minor children is the sole issue.

The husband-wife privilege statute, § 13–90–107(1)(a) C.R.S. (1986 Cum.Supp.), reads as follows:

"A husband shall not be examined for or against his wife without her consent, nor a wife for or against her husband without his consent; nor during the marriage or afterward shall either be examined without the consent of the other as to any communications made by one to the other during the marriage; but this exception does not apply to a civil action or proceeding by one against the other, a criminal action or proceeding for a crime committed by one against the other, or a criminal action or proceedings against one or both spouses when the alleged offense occurred prior to the date of the parties' marriage. However, this exception shall not attach if the otherwise privileged information is communicated after the marriage."

This statute is a codification of a common law privilege reflecting a societal concern for the preservation of the marital state. Although the marital testimonial privilege has existed for centuries, it has been severely criticized and its scope has been eroded over the years. *Petro Lewis Corp. v. District Court*, 727 P.2d 41 (Colo. 1986).

In Colorado, exceptions to the husband-wife privilege have been created in instances of prosecutions for violent crimes and sex offenses committed against children, *Read v. People*, 122 Colo. 308, 221 P.2d 1070 (1950); *O'Loughlin v. People*, 90 Colo. 368, 10 P.2d 543 (1932); *Wilkinson v. People*, 86 Colo. 406, 282 P. 257 (1929); in property cases, *Horn v. Hurwitz*, 76 Colo. 389, 231 P. 1116 (1925); in cases involving the former cause of action for alienation of affection, *Keeler v. Russum*, 68 Colo. 196, 189 P. 255 (1920); and in mental health statutory proceedings where testimony was elicited as to the mental health of the incompetent at issue, *Sabon v. People*, 142 Colo. 323, 350 P.2d 576 (1960).

A hearing on custody is not a typical adversary civil proceeding, but rather, is a hearing in which the court's responsibility is to determine a placement that will be in the child's best interests. *Rayer v. Rayer*, 32 Colo.App. 400, 512 P.2d 637 (1973).

There is, in our view, a compelling necessity to scrutinize the relevant evidence as to each parties' fitness to be a custodian for both the protection of the children and for the sake of public policy. *See T.C.H. v. K.M.H.*, 693 S.W.2d 802 (Mo.1985) (exception to privilege created where custody of children at issue). If exceptions to the privilege can be made where property and crimes are concerned, it seems to us equally important for an exception to be made where the best interests of a child is the sole issue and is of paramount importance.

Therefore, consistent with the rationale of *Rayer, supra,* and the other cases previously cited, we hold that, where the issue is one of what custodian would be in a child's best interest, no husband-wife privilege exists and a spouse may testify as to observations made of the other spouse regarding parenting skills and as to communications between the spouses bearing on that issue. This we believe is an essential rule in a proceeding where the court's sole obligation is to protect children and to act in accord with their best interests even when those interests conflict with the interests and desires of their parents.

Therefore, the court erred in excluding testimony by wife's present husband and the matter must be remanded for a new hearing in which no privilege as to communications between husband and wife may be asserted under § 13–90–107(1)(a), C.R.S. (1986 Cum.Supp.).

## II.

We find no merit to father's other allegations.

Accordingly, the custody order is reversed and the cause is remanded for a new hearing consistent with the views expressed herein. Custodial orders entered shall be based on the currently existing circumstances of the parties and the child.

VAN CISE and ENOCH,* JJ., concur.