**In re the MARRIAGE OF Charles Joseph BEYER, Appellant,**

**and**

**Joanne Beyer, Appellee.**

**No. 88CA1761.**

Colorado Court of Appeals, Div. VI.

Oct. 19, 1989.

Rehearing Denied Nov. 24, 1989.

Certiorari Denied March 12, 1990.

Hall & Evans, Alan Epstein, Jamey W. Jamison and Kristine K. Hughes, Denver, for appellant.

Alan R. Marsh, Denver, for appellee.

Opinion by Judge VAN CISE.*

In this dissolution of marriage action, husband appeals the final orders with respect to child custody and support and attorney fees. We affirm in part and reverse in part.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

## I.

Husband first contends that the court abused its discretion in awarding custody of the two small children to wife. We disagree.

Questions of custody rest in the discretion of the trial court, and will not be disturbed absent an abuse of that discretion. *In re Marriage of Dickman,* 670 P.2d 20 (Colo.App.1983).

Here, there was a great deal of negative evidence with respect to the parenting abilities of both parties. However, there was also evidence that either party could provide a stable environment for the children. Because the trial court's extensive findings with respect to the award of custody to mother were supported by record evidence, we will not set the order aside. *See Menne v. Menne,* 194 Colo. 304, 572 P.2d 472 (1977). Furthermore, there is nothing in the trial court's findings and conclusions to indicate that the custody award was impermissibly based on gender. *See In re Marriage of Clarke,* 671 P.2d 1334 (Colo.App.1983).

## II.

Husband also contends that the trial court erred in imputing only $580 monthly income to mother for purposes of calculating child support. We do not agree.

The trial court found that mother was voluntarily unemployed and, therefore, imputed to her $580 monthly income before calculating child support. *See* Section 14–10–115(7)(b)(I), C.R.S. (1987 Repl.Vol. 6B) (the child support guidelines). That imputed amount is approximately the monthly income of an individual employed full time at minimum wage.

Husband argues that this figure is too low, because there was evidence that wife had been offered a position at a higher wage. However, in light of the other evidence with respect to mother's health problems, and the necessity of obtaining day care if mother was employed, we perceive no abuse of discretion in the court's use of the $580 figure here.

## III.

There is no merit to husband's contention that the trial court abused its discretion when it ordered him to pay $4,775 of wife's attorney fees. Here, in light of the extended litigation, and the great disparity in the parties' incomes, we perceive no abuse of discretion in awarding the wife this portion of her fees or in finding that this amount was reasonable. *See In re Marriage of Dafoe,* 677 P.2d 426 (Colo.App. 1983).

## IV.

Finally, husband contends that the court erred when it determined that it had no jurisdiction to award him the federal income tax exemption for the two children. We agree.

Prior to 1984, 26 U.S.C. § 152(e)(1) and (2) provided that, if a child received over one-half of his support from divorced parents and the child was in the custody of one or both parents for more than one-half of the calendar year, the general rule was that the child would be treated as receiving over half of his support from the parent having custody for a greater portion of the calendar year (the custodial parent), and this parent was allowed to deduct the amount of the dependent's exemption in computing his or her taxable income. Section 152(e)(2), however, provided, as exceptions to the general rule, that the parent without custody (the noncustodial parent) was authorized to deduct the dependent's exemption amount (1) if the divorce decree or written agreement provided that this parent was entitled to the deduction and such parent provided at least $600 calendar year support or, alternatively, (2) if such parent provided $1200 or more calendar year support and the custodial parent did not establish more support of the child than the noncustodial parent.

The 1984 amendment to § 152(e)(2) narrowed the exceptions to the general rule. It authorized the noncustodial parent to utilize the dependent's exemption amount as a deduction only if "the custodial parent signs a written declaration ... that such

custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year" and the noncustodial parent attaches a copy of that declaration to his tax return for that year.

The provisions in 26 U.S.C. § 152(c) pertaining to multiple-support agreements, where no one person contributed over half of the child's support, were not affected by the 1984 amendment. *See* 26 U.S.C. § 152(e)(3). However, those provisions are inapplicable here.

Sections 152(e)(1) and (2), as amended in 1984, creating in effect a presumption that the custodial parent is entitled to the dependency exemption for purposes of federal income tax absent a written declaration from that parent, do not deprive the dissolution court here of jurisdiction to award that exemption to the non-custodial parent. *See Hughes v. Hughes*, 35 Ohio St.3d 165, 518 N.E.2d 1213 (1988). The trial court has the authority in its discretion to order the custodial parent to execute the necessary forms declaring that such parent will not claim the children as dependents. *Fleck v. Fleck*, 427 N.W.2d 355 (N.D.1988).

The judgment is reversed as to the provisions pertaining to the income tax exemptions, and the cause is remanded for further proceedings consistent with this opinion. The judgment is affirmed in all other respects. Also, the order entered by this court August 30, 1989, staying enforcement of the judgments referred to in husband's "motion for issuance of stay of proceedings to enforce judgment pursuant to C.A.R. 8" is vacated, effective on issuance of the mandate.

NEY and RULAND, JJ., concur.