In re the MARRIAGE OF Dorothy TUREK, Appellee,

and

Francis J. Awai, Appellant.

No. 90CA0497.

Colorado Court of Appeals, Div. I.

Aug. 15, 1991.

No appearance for appellee.

Wilcox, Ogden & Cox, P.C., Phyllis Cox, Denver, for appellant.

Opinion by Judge DAVIDSON.

Francis J. Awai, father, appeals various post-decree visitation orders. We affirm.

A decree of dissolution was entered in February 1986. At that time, father was granted visitation, as applicable here, on alternating weekends from Friday at 6:00 p.m. to Sunday at 6:00 p.m. and six weeks in the summer. Since the decree, and continuing through the present, a multitude of motions have been filed by both parties resulting in numerous post-decree orders.

On February 17, 1989, the court ordered that father would have summer visitation, unless otherwise agreed, the last two weeks of June, the last two weeks of July, and the second or third week of August. Thus, at that time, father's summer visitation implicitly was reduced from six to five weeks each year.

Father's weekend visitation was modified on more than one occasion, culminating in the order of May 19, 1989, which provided that father's weekend visitations would begin at 8:00 p.m. on Friday evening. Finally, on September 6, 1989, the trial court denied father's request that he receive additional summer visitation for that previously missed.

Father did not file a timely post-trial motion or an appeal from these orders. In January 1990, the trial court granted father's requests to interview the children.

## I.

Father asserts that the trial court erred in restricting his previously granted visitation rights without any evidence presented, or findings of fact made, to support the determination that visitation as ordered in the decree was harming the children in any way.

▪ The timely filing of a notice of appeal is mandatory and jurisdictional. *In re Marriage of Everhart*, 636 P.2d 1321 (Colo. App.1981); *In re Marriage of Foster*, 39 Colo.App. 130, 564 P.2d 429 (1977).

▪ Here, father's challenges to the restriction of visitation are based on a collateral attack of the court orders entered in February, May, and September 1989. However, because father failed to appeal these prior orders, that portion of his appeal relating to the prior orders is dismissed for lack of jurisdiction. Those orders became final after the period in which to perfect an appeal expired. *See In re Marriage of Barber*, 811 P.2d 451 (Colo. App.1991).

## II.

In October 1989, father filed two motions for reconsideration, directed solely to his concern that the trial court had failed to interview the parties' oldest child, as it had previously promised. At the end of December 1989, the court indicated its desire to meet with all three children, and a record of this informal meeting, which occurred on January 18, 1990, was made.

After this "interview," the court entered an order, dated February 2, 1990, concerning the role in which the children should be placed in determining whether the present orders should be changed. It determined that it would not serve the interests of either party to have the children testify, but rather, such would be counterproductive.

▪ Father acknowledges that it is within the discretion of the trial court to determine whether to interview a child. *See In re Marriage of Rinow*, 624 P.2d 365 (1981). However, he contends that once the court sought to elicit the children's wishes, it abused its discretion by failing to interview the oldest child for the purpose of obtaining substantive information concerning visitation matters. We disagree.

▪ Section 14-10-126, C.R.S. (1987 Repl.Vol. 6B) authorizes the trial judge to interview the children in chambers to ascertain their wishes regarding custody issues, including visitation. However, that section does not mandate such an interview. *In re Marriage of Rinow, supra.*

By the same logic and authority, we conclude that it is also within the discretion of the trial court to determine both the extent of an "interview" and whether it is appropriate in a given case to ask any specific questions. Therefore, we hold that the scope of an interview of a child is within the sound discretion of the trial court. *Cf. In re Marriage of Short*, 675 P.2d 323 (Colo.App.1983) (where court spoke with children but did not ask them to express a preference concerning custody, no "interview" occurred under § 14–10–126).

Here, the court originally had determined that the oldest child did not want to talk to him. A week before the interview, mother asserted that the children were terrified to talk to the judge. A court-appointed therapist also advised of his concern that the children might continue to be under pressure in the post-divorce visitation conflict. Nevertheless, the court utilized the interview process to reacquaint the children with him and to reiterate to them that he, not they, would be the person to decide what visitation or other orders were in

their best interests. After this informal meeting, the court implicitly concluded that any further interviews would not be in the best interests of the children.

Under these circumstances, we conclude that it was within the trial judge's discretion to limit the "interview" here to an opportunity for the children to meet with him face-to-face, to ask any questions they might have, to indicate whether they wished to testify, and to provide them with the chance to express their wishes on their own, without being prompted by questions.

Accordingly, the orders regarding the court's decision not to interview the children further is affirmed, and the appeal of the orders entered in February, May, and September, 1989 is dismissed.

PIERCE and MARQUEZ, JJ., concur.