23CA1882 Marriage of Bogenrief 01-02-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA1882
City and County of Denver District Court No. 22DR30924
Honorable Anita M. Schutte, Judge

---

In re the Marriage of

Asel Raushan Kizi Zakirova,

Appellee,

and

Brett David Bogenrief,

Appellant.

---

JUDGMENT AFFIRMED

Division IV
Opinion by JUDGE HARRIS
Yun and Kuhn, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced January 2, 2025

---

Márquez Law, Jason A. Márquez, Denver, Colorado, for Appellee

Brett David Bogenrief, Pro Se

¶ 1 In this dissolution of marriage case involving Brett David Bogenrief (husband) and Asel Raushan Kizi Zakirova (wife), husband appeals the permanent orders regarding the property division. We affirm.

## I. Background

¶ 2 In September 2022, after nearly two years of marriage, wife filed a petition for dissolution. Following the parties' separation, husband remained in the marital residence. The district court scheduled a permanent orders hearing for March 17, 2023. In the meantime, the district court issued a temporary order that required husband to vacate the marital residence by February 28, 2023.

¶ 3 At the permanent orders hearing, the district court granted husband's request for a continuance and then entered a dissolution decree.

¶ 4 At the next hearing on August 8, 2023, wife appeared with counsel, but although husband's counsel was present, husband was not. Husband's counsel explained that husband had texted that morning saying that he was not going to attend. Husband's counsel requested a continuance, which the court denied.

¶ 5    Husband's counsel then moved to withdraw, stating that he had already sent husband a formal letter outlining his grounds for withdrawal.  The court granted the request.  Husband's counsel said he would follow up with a written motion to withdraw along with the letter.

¶ 6    The district court proceeded with the hearing.  A real estate appraiser and wife testified.  At the end, the court issued an oral ruling dividing the marital estate.  As relevant here, the court (1) awarded wife the marital residence, valued at $410,000, subject to a mortgage of $391,291, leaving equity of $18,709; and (2) required husband to pay $2,000 in insurance deductibles incurred because of damage he caused to the marital residence while residing there.

¶ 7    Husband's counsel later filed a written motion to withdraw.  On August 22, 2023, the court granted the motion to withdraw and issued a written judgment tracking its oral ruling.

¶ 8    Husband now appeals.  Husband's opening brief violates the appellate rules, making it difficult for us to understand his contentions on appeal.  Although we construe his briefing broadly, we may not raise arguments on his behalf.  *See Arnold v. Brent,*

2024 COA 104, ¶ 8. Accordingly, we have interpreted and addressed all arguments fairly presented in his briefs to the best of our ability.

## II. Denial of Second Continuance

¶ 9 Husband contends that the district court erred by denying his second motion for a continuance. We disagree.

¶ 10 A continuance of a hearing "shall be granted only for good cause," C.R.C.P. 121, § 1-11, meaning that "there are unforeseen and exceptional circumstances requiring a continuance." *Miller v. Brannon*, 207 P.3d 923, 932 (Colo. App. 2009). The burden is on the moving party to show good cause for a continuance. *See In re Marriage of Lorenzo*, 721 P.2d 155, 156 (Colo. App. 1986).

¶ 11 The decision to grant or deny a continuance is a matter entrusted to the sound discretion of the district court, and the court's decision will not be disturbed on review absent a clear abuse of that discretion. *In re Marriage of Rodrick*, 176 P.3d 806, 814 (Colo. App. 2007); *see People in Interest of E.B.*, 2022 CO 55, ¶ 14. A court abuses its discretion when its ruling is manifestly arbitrary, unfair, or unreasonable or when it misapplies the law. *E.B.*, ¶ 14.

3

In determining whether a court abused its discretion, the appellate court must consider the totality of the circumstances as reflected by the record. *Id.*

¶ 12     We conclude that husband failed to establish good cause for a continuance. On appeal, husband says he could not attend the August permanent orders hearing because he was living in Canada and prioritizing his basic needs. However, he did not take any steps before the hearing to address his inability to attend, such as requesting a continuance or permission to appear remotely. Thus, we discern no abuse of discretion in the court's decision to deny counsel's last-minute request for a continuance after husband failed to appear. *See Rodrick*, 176 P.3d at 814; *see also E.B.*, ¶ 14.

### III.   Withdrawal of Counsel

¶ 13     Next, husband contends that the district court erred when it allowed his counsel to withdraw at the second permanent orders hearing. We see no reversible error.

¶ 14     At the permanent orders hearing, husband's counsel said that he had previously informed husband of his grounds to withdraw. He added that the ability to "work together as a team [was]

4

obviously . . . unavailable" and that he could not proceed without husband; he needed a "captive partner and participant." Husband's counsel received a text message from husband a few hours before the hearing indicating that husband would not appear. The district court granted husband's counsel's oral motion to withdraw. Husband had another opportunity to object to the withdrawal when his counsel subsequently filed the written motion to withdraw, but he did not. The court granted the written motion.

¶ 15 Under these circumstances, we conclude that husband cannot object now. *Cf. Melat, Pressman & Higbie, L.L.P. v. Hannon Law Firm, L.L.C.*, 2012 CO 61, ¶ 18 (arguments not raised in or decided by the district court will not be addressed for the first time on appeal).

## IV. Property Division

¶ 16 Husband contends that the district court erred by awarding the marital residence to wife. We are not persuaded.

¶ 17 A district court has great latitude to make an equitable property division based on the facts and circumstances of each case, and we will not disturb its decision absent a showing of an

abuse of its discretion. *In re Marriage of Collins*, 2023 COA 116M, ¶ 19; *see* § 14-10-113(1), C.R.S. 2024.

¶ 18   Here, the district court found that the marital residence was jointly titled and worth $410,000 at the time of the dissolution decree. The parties stipulated that the existing mortgage was solely in wife's name and had a balance of $391,291. The court ultimately awarded the residence and the mortgage to wife.

¶ 19   The record supports the district court's decision. Wife testified that the marital residence was titled in both parties' names and purchased with marital funds during the marriage. The appraiser testified that the residence had a fair market value of $410,000. Wife, a foreign national, testified that selling the residence would result in a net loss due to foreign investment tax implications and associated selling costs. She requested to keep the residence and agreed to assume responsibility for the taxes and costs in the event of a future sale. The evidence showed that husband could not assume financial responsibility for the mortgage: in his August 2023 financial statement, he averred that he no income. Given this, we cannot say that the district court erred by allocating the

home to wife. *See Collins,* ¶ 19; *see also In re Marriage of Amich,* 192 P.3d 422, 424 (Colo. App. 2007) (the district court can believe all, part, or none of a witness's testimony, even if uncontroverted).

¶ 20    Husband also asserts that the district court erred by requiring him to pay $2,000 in insurance deductibles. We disagree. Wife testified that upon arriving at the marital residence the day after husband's departure, she found it "uninhabitable" due to extensive water damage resulting from his negligence. She indicated that she submitted two insurance claims to address the damage. As she explained, under the "best case scenario," she was "out of pocket" $2,000 for the deductibles. Under the "[w]orst case scenario," the insurance company could deny coverage for "some or lots of the damages or the repairs." Because the record supports the court's decision, we will not disturb it. *See Collins,* ¶ 19.

¶ 21    We decline husband's invitation to consider certain "exhibits" because they are not part of the appellate record. *See In re Marriage of McSoud,* 131 P.3d 1208, 1223 (Colo. App. 2006) ("Only facts appearing in the record can be reviewed . . . .").

## V.    Disposition

¶ 22     The judgment is affirmed.

JUDGE YUN and JUDGE KUHN concur.