[Crim. No. 4217. Second Dist., Div. Two. May 4, 1948.]

THE PEOPLE, Respondent, v. GEORGE C. COUNCE, Appellant.

Joslyn & Hollopeter for Appellant.

Fred N. Howser, Attorney General, and Alberta Gattone, Deputy Attorney General, for Respondent.

WILSON, J.—Defendant was charged by the information with the crime of assault with a deadly weapon, a felony. Trial by jury was waived. Defendant having been convicted and sentenced to serve a term of six months in the county jail appeals from the judgment.

Defendant concedes in his opening brief that the evidence in practically every particular is conflicting, that a judgment will not be disturbed if supported by substantial and credible evidence, and that in reviewing the sufficiency of the evidence to support a conviction the appellate court will view the evidence in the light most favorable to the prosecution. Defendant's only argument with reference to the evidence is that the testimony of the complaining witness and of those corroborating him is so inconsistent and inherently improbable as to be incredible.

 Complaining witness Greene testified that he entered a cafe with a lady about 9 o'clock in the evening and while he was still standing defendant made a sudden and unprovoked attack on him and cut him with a knife; that he was not armed with a knife or other deadly weapon and that he did not try to fight defendant until he was attacked. In this he was corroborated by the lady who accompanied him and

by another witness who was seated at a table at the time of the assault. A bartender in the cafe testified that he did not see the beginning of the fight; that when he first saw the men Greene was attacking defendant with a knife. Another witness testified that he saw both of the men wielding knives and cutting each other. Defendant testified that before knives were used Greene advanced toward him with his hand in his pocket and that he struck Greene with his fist, the blow being so hard that he, defendant, fell to his knees. This was the first blow struck by anyone, says defendant. The latter did not assert that Greene menaced him in any way except that he considered Greene's hand in his pocket as a threat at the time defendant struck the blow with his fist.

There is nothing inherently improbable or incredible in the evidence given by Greene and those corroborating him. ██ Notwithstanding defendant's concession as to the conflict in the evidence and the light in which it must be viewed by this court, he contends that the evidence preponderates in favor of defendant. The trial court determined wherein the preponderance lies, accepted the version of the fight given by Greene and the other witnesses for the People, and we must accept that determination as final. (See *People* v. *Huston*, 21 Cal.2d 690, 693 [134 P.2d 758]; *People* v. *Johnston*, 73 Cal.App.2d 488, 493 [166 P.2d 633]; *People* v. *Phillips*, 76 Cal.App.2d 515, 520 [173 P.2d 392]; *People* v. *O'Moore*, 83 Cal.App.2d 586 [189 P.2d 554].)

██ The only other point made is the ridiculous charge that defendant was convicted by reason of passion and prejudice on the part of the trial court. This charge is based on the reference by the court to the parties engaged in the fight as being of "that particular race." Since both combatants were of the same race the remarks of the court cannot be construed as indicating any bias or prejudice against defendant. The record fails utterly to sustain this unfounded charge.

The appeal is without merit.

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.