543 P.2d 1281 (1975)
In re the MARRIAGE OF Jose R. D. JARAMILLO, Appellant, and
Virginia Jaramillo, Appellee.
No. 75-323.
Colorado Court of Appeals, Div. II.
December 4, 1975.
*1282 Clawson & Southam, P. C., Lynn W. Southam, Colorado Springs, for appellant.
Wayne C. Hodson, Colorado Springs, for appellee.
ENOCH, Judge.
The father, Jose Jaramillo, appeals from a judgment granting custody of two minor children to the mother, Virginia Jaramillo. We vacate the judgment and remand for appropriate findings of fact.
Jose had been granted temporary custody of the couple's two small daughters prior to the dissolution of marriage hearing, and at that hearing the temporary custody was continued with Jose. After two additional custody hearings the trial court found that it was in the best interest of the children that permanent custody be granted to Virigina and a permanent order to that effect was entered.
Jose alleges that the trial court failed to make specific findings as to the basis of its decision that it was in the "best interest" of the children to grant custody to Virginia. We agree.
Under C.R.C.P. 52(a), a trial court is required to make findings of fact and to state separately its conclusion of law thereon. These findings must be "so explicit as to give the appellate court a clear understanding of the basis of the trial court's decision and to enable it to determine the ground on which it reached its decision." Mowry v. Jackson, 140 Colo. 197, 343 P.2d 833. This rule of law is also applicable to judgments in custody proceedings.
Although § 14-10-124, C.R.S.1973, enumerates several relevant factors which the trial court shall consider in determining child custody, no findings were made as to any of these factors. While it is not necessary that a trial court make specific findings on each and every factor included in the statute, there must be some indication in the record that the trial court considered such of those factors as were pertinent, and the findings thereon must be sufficient to enable this court to determine on what ground the trial court reached its decision, and whether that decision was supported by competent evidence. See Hipps v. Hennig, 167 Colo. 358, 447 P.2d 700.
Since the necessary findings of fact are lacking, we are unable to determine the basis of the conclusion that the permanent grant of custody is in the "best interest of the children." Therefore the judgment is set aside and the cause remanded with directions to the trial court to make findings of fact and conclusions of law in accordance with C.R.C.P. 52(a) and enter appropriate judgment thereon. See Mowry v. Jackson, supra. Although we have made no determination of the merits, it is further directed that in order to avoid the trauma to the children of moving them back from Texas to Colorado as a result of this opinion, the children remain in the custody of the mother until the entry of the new judgment by the trial court as directed herein.
PIERCE and KELLY, JJ., concur.