**COLORADO DIVISION OF EMPLOYMENT AND TRAINING and Robert Hase, Director of Unemployment Insurance, Appellants,**

v.

**Audrey Denise WELLS, n/k/a Audrey Denise Nettles, Appellee,**

and

**Warren Michael Young, Interested Party.**

**No. 84CA0216.**

Colorado Court of Appeals, Div. III.

Nov. 29, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Christa D. Taylor, Asst. Atty. Gen., Denver, for appellants.

Steven Segall, Lakewood, for appellee.

BABCOCK, Judge.

In this garnishment proceeding, the Colorado Division of Employment and Training (the Division) appeals from the judgment entered by the trial court against it as garnishee. We reverse.

In May 1983, the Division and Robert Hase, its director of unemployment insurance, were served with a continuing writ of garnishment. The writ ordered the Division to withhold 55% of any unemployment compensation benefits due and payable to Warren Michael Young (Young) until further order of the court. The writ was

issued because Young was in arrears in child support ordered under a dissolution decree. The Division answered the writ by asserting that it could not withhold a portion of Young's unemployment compensation because of express prohibitions contained in § 8–80–103, C.R.S.

In June 1983, the trial court held a hearing on this issue. The Division admitted that, contrary to the writ's order, it had made three payments of $151 each to Young between the time of service of the writ and the time Young had exhausted his benefit account in May 1983. The trial court ruled that § 8–80–103, C.R.S., contained an exception for child support obligations and entered judgment against the Division for $247.15, 55% of the unemployment compensation benefits paid to Young.

██ The Division contends that § 8–80–103, C.R.S., prohibits it from withholding sums due a claimant for unemployment compensation even when such sums are intended to satisfy child support obligations. We agree.

Section § 8–80–103, C.R.S., states:

"Any assignment, pledge, or encumbrance of any right to benefits ... shall be void. *Such rights to benefits shall be exempt from levy, execution, attachment, or any other remedy provided for the collection of debt. Benefits received by any individual,* so long as they are not mingled with other funds of the recipient, *shall be exempt from any remedy for the collection of all debts except debts incurred for necessaries furnished to such individual, his spouse, or dependents during the time when such individual was unemployed.* Any waiver of any exemption provided for in this section shall be void." (emphasis added)

This statute does not permit the satisfaction of judgments out of unemployment compensation benefits. The only exception is for necessities of the recipient or his dependents required during the period of unemployment, but even that exception applies only after the individual has in fact *received* unemployment benefits.

The language of this statute is plain and unambiguous in that it forbids any other kind of levy or execution, *see In re Marriage of Barnes,* 692 P.2d 329 (Colo.App. 1984), and accordingly, it must be given effect according to this plain meaning. *See Trinity Universal Insurance Co. v. Hall,* 690 P.2d 227 (Colo.1984). Thus, the trial court erred in entering judgment for the garnishment amount.

We note that, even though garnishment is prohibited under § 8–80–103, C.R.S., Wells was not without remedy. 42 U.S.C. § 654(6) (1983 Supp.) provides that *any* person, whether receiving public assistance benefits or not, may apply to a designated social services agency for child support enforcement assistance. *See Carter v. Morrow,* 562 F.Supp. 311 (W.D.N.C.1983). This federally assisted program has been adopted by Colorado as the Child Support Enforcement Act, §§ 26–13–101, et seq., C.R.S. (1982 Repl.Vol. 11). And, in cooperation with and to conform to the federal scheme, the General Assembly has authorized the Colorado Department of Social Services to secure deductions from unemployment compensation benefits due a nonpaying parent. *See* § 8–73–102(5), C.R.S. (1984 Cum.Supp.).

██ We hold that the only exception for garnishment of unemployment compensation in § 8–80–103, C.R.S., is to provide necessities once the unemployed person has received compensation and that, contrary to Wells' contention, the Colorado Department of Social Services is the sole vehicle by which deductions may be secured from unemployment compensation payable to an individual who owes a child support obligation. *See* § 8–73–102(5), C.R.S. (1984 Cum. Supp.); *Industrial Commission v. Board of County Commissioners,* 690 P.2d 839 (Colo.1984).

The judgment is reversed and the cause is remanded with directions to enter judgment in favor of the garnishee.

BERMAN and METZGER, JJ., concur.