**In re the MARRIAGE OF: Judith A. SNYDER, Appellee,**

**and**

**Ronald G. Snyder, and concerning State Compensation Insurance Fund, Obligor-Appellant.**

**No. 86CA0991.**

Colorado Court of Appeals, Div. I.

May 14, 1987.

Martha Dusio, Montrose Co. Atty., Montrose, for appellee.

Mark Rau, Denver, for obligor-appellant State Compensation Ins. Fund.

ENOCH, Chief Judge.

The State Compensation Insurance Fund (Fund), as garnishee, appeals from a dis-

trict court order determining that the workmen's compensation benefits of Ronald G. Snyder (father) are subject to garnishment to secure payment of a judgment for past due child support payments. We set aside the order.

Subsequent to the entry by the district court of judgment against father for past due child support, father received a work related injury resulting in an award of workmen's compensation benefits. The district court then issued a writ of garnishment for support, which was served upon the Fund, as garnishee. After the Fund answered the writ, claiming that workmen's compensation benefits are not subject to garnishment for child support, the district court issued an order upholding the garnishment. The Fund appeals from that order, contending that § 8–52–107, C.R.S. (1986 Repl.Vol. 3B) prohibits the garnishment of father's workmen's compensation benefits. We agree.

■ Section 8–52–107(1), C.R.S. (1986 Repl.Vol. 3B) states:

"*Claims for compensation or benefits due* under articles 40 to 54 of this title shall not be assigned, released, or commuted except as provided in said articles and *shall be exempt from all claims of creditors and from levy, execution, and attachment or other remedy or recovery or collection of a debt, which exemption may not be waived.*" (emphasis added)

This statute specifically prohibits the satisfaction of judgments out of workmen's compensation benefits.

■ Appellee, Judith Snyder, contends, however, that the Colorado Child Support Enforcement Procedures Act, § 14–14–101, et seq., C.R.S. (1986 Cum.Supp) (CCSEP Act), which was enacted subsequent to § 8–52–107, C.R.S. (1986 Repl.Vol. 3B), creates an exception to § 8–52–107 for the garnishment of workmen's compensation benefits to pay judgments for past due child support. We disagree.

Section 14–14–105(1), C.R.S. (1986 Cum. Supp.) of the CCSEP Act provides:

"A writ of garnishment for the collection *from earnings* of judgments for arrear-ages for child support ... shall be continuing; shall have priority over any subsequent garnishment, lien, or attachment; and shall require the garnishee to withhold ... the portion of *earnings* subject to garnishment at each succeeding earnings disbursement interval until such judgment is satisfied or the garnishment is released by the court or in writing by the judgment creditor." (emphasis added)

Although the term "earnings" is not specifically defined in the CCSEP Act, appellee argues that workmen's compensation benefits are "earnings" and are therefore subject to garnishment for the collection of judgments for child support arrearages. In support of this contention, she refers us to § 14–14–105(1), C.R.S. (1986 Cum.Supp.); C.R.C.P. 103 §§ 3(a)(2) and 1(a)(2); and § 14–14–102(9), C.R.S. (1986 Cum.Supp.). However, even if we were to rule that workmen's compensation benefits are "earnings" for the purposes of the CCSEP Act, we do not perceive an intent by the General Assembly in passing that act to amend or create an exception to the plain and specific language of § 8–52–107, which forbids garnishment of workmen's compensation benefits.

In *Colorado Division of Employment & Training v. Wells*, 693 P.2d 1027 (Colo. App.1984), a continuing writ of garnishment was issued against the Division of Employment and Training, as garnishee, to withhold unemployment compensation benefits for the satisfaction of a judgment for arrearages in child support against an unemployment compensation claimant. This court held that § 8–80–103, C.R.S., of the Employment Security Act, a provision very similar to § 8–52–107, prohibited the garnishment of unemployment compensation benefits even for satisfaction of child support arrearage judgments.

At the time *Colorado Division of Employment & Training v. Wells, supra,* was announced, the CCSEP Act was in effect. Thus, under appellee's reasoning, § 14–14–105(1), C.R.S. (1986 Cum.Supp.) would also then have allowed garnishment of unemployment compensation benefits to the same extent that she argues it now allows garnishment of workmen's compensation

benefits. Nevertheless, this court held that the plain and unambiguous language of § 8–80–103, C.R.S., forbade the garnishment. We follow this rationale in concluding that § 8–52–107, C.R.S. (1986 Repl.Vol. 3B) forbids the garnishment of workmen's compensation benefits, even for the satisfaction of judgments for past due child support payments.

■ We note that subsequent to the announcement of *Colorado Division of Employment & Training v. Wells, supra,* the Colorado General Assembly amended § 8–80–103, creating an exception to the specific bar on assignments and garnishments of unemployment compensation benefits for child support debt or arrearages as specified in the CCSEP Act. *See* § 8–80–103, C.R.S. (1986 Repl.Vol. 3B). However, no similar amendment has been enacted concerning workmen's compensation benefits. Had the General Assembly intended to create an exception to § 8–52–107 of the Workmen's Compensation Act for child support debt or arrearages, it could have done so when it amended § 8–80–103 of the Employment Security Act.

Order set aside.

PIERCE and BABCOCK, JJ., concur.