**In the Matter of the ESTATE OF Peggy HICKLE, Protected Person/Appellant,**

**v.**

**Elaine CARNEY, Appellee.**

**No. 86CA1392.**

Colorado Court of Appeals, Div. I.

Nov. 19, 1987.

Gordon & Marschhausen, Pamela A. Gordon, Denver, for protected person/appellant.

No appearance for appellee.

ENOCH, Chief Judge.

Peggy Hickle appeals from an order appointing a conservator of her estate. We set aside the order.

Appellant suffers from a mental illness, but she maintains that her illness does not impair her ability to manage her financial affairs. In August 1986, the district court held a consolidated hearing at which it considered the petition for the appointment of a conservator along with other issues not pertinent here. The court then issued an order appointing a conservator.

Appellant alleges that the court erred in failing to make specific factual findings on the question of her ability to manage effectively her property and affairs. We agree.

Section 15-14-401(3), C.R.S., authorizes the appointment of a conservator only if "the court determines that the person is unable to manage [her] property and affairs effectively for reasons such as mental illness...." In such a proceeding, the court must make findings of fact and state separately its conclusions of law. C.R.C.P. 52(a). "These findings must be so explicit as to give the appellate court a clear understanding of the basis of the trial court's decision and to enable it to determine the ground on which it reached its decision." *In Re Marriage of Jaramillo*, 37 Colo.App. 171, 543 P.2d 1281 (1975).

The record reflects that the court found appellant was suffering from a mental illness that "affected her ability to carry on her life functions." However, the court made no findings on the appellant's ability to manage her property. Although a mental illness, or any other illness, may impair life functions, a conservator may be ap-

pointed only if the ability to manage property is also impaired. The record reflects that there was a conflict in the evidence on the issue.

Because we cannot determine the grounds on which the trial court reached its decision to appoint a conservator, the order is set aside and the cause is remanded with directions to make the findings of fact and conclusions of law required in accordance with C.R.C.P. 52(a) and enter an appropriate order thereon.

VAN CISE and BABCOCK, JJ., concur.