**In re the MARRIAGE OF Christine B. VELASQUEZ, Appellee,**

**and**

**Willie Leroy Velasquez, Appellant.**

**No. 87CA1727.**

Colorado Court of Appeals, Div. V.

April 27, 1989.

Montano & Encinas, P.C. and Duane Montano, Denver, for appellee.

Stan Bender, P.C. and Stanley Bender, Denver, for appellant.

HUME, Judge.

In the decree entered in this dissolution of marriage proceeding, the trial court

granted custody of the parties' two children to Christine Velasquez (mother). It granted Willie Leroy Velasquez (father) certain visitation rights and ordered him to pay child support. Subsequently, the father moved for increased visitation and the mother sought increased child support. The father appeals the court's disposition of these motions. We affirm in part and reverse in part.

Under the prehearing visitation order, the father was entitled to weekly visitation on Wednesday evenings and Sunday afternoons and to one week of continuous summer visitation. Father requested the visitation be increased to include weekly overnight visitation on Wednesdays and Thursdays to accommodate his work schedule, as well as additional summer visitation.

The trial court concluded, however, that weekly overnight visitation during the school year would be disruptive for the children and would cause problems in their school activities. Therefore, the court restricted the father's visitation during the school year to two days per month: Wednesdays and Thursdays, including overnights, in the third week of each month, but eliminated the Sunday visitation schedule. During the summer school vacation period, the court increased the overnight visits to alternating Wednesdays and Thursdays and extended the continuous summer vacation period from one to three weeks. The court also increased the order for prospective child support from $400 per month to $714 per month.

### I.

■ The father contends the trial court's visitation order denies him reasonable visitation as guaranteed under § 14–10–129(1), C.R.S. (1987 Repl.Vol. 6B). We agree in part with this contention.

Visitation orders are within the sound discretion of the trial court. *In re Marriage of Mann*, 655 P.2d 814 (Colo.1982). However, the court's discretion must be exercised consistent with the express public policy of encouraging "frequent and continuing contact between each parent and the minor children of the marriage"

after dissolution. Section 14–10–124(1), C.R.S. (1987 Repl.Vol. 6B). *See In re Marriage of Plummer*, 709 P.2d 1388 (Colo. App.1985). Section 14–10–129(1), C.R.S. (1987 Repl.Vol. 6B) entitles the non-custodial parent to "reasonable visitation" unless the trial court finds that visitation "would endanger the child's physical health or significantly impair his emotional development."

Here, there is competent evidence to support the trial court's finding that more frequent overnight midweek visitation during the school year would be unsettling or disruptive for the children. However, while the trial court attempted to accommodate the father's request for overnight visitation, the record reflects that it gave no consideration to possible alternative arrangements, such as maintaining the Sunday afternoon visitation period for those weeks in which there is no overnight visitation. The ultimate effect of the court's order is that the father, during the school year, has two days visitation in each month, while he previously had portions of eight days in any period of four weeks.

This restriction on father's visitation rights is not only contrary to the public policy of encouraging frequent visitation, but is also at odds with the evidence in the record. Both parents testified that the twice-weekly visitation under the previous order had worked well, and they both agreed it was important for the children to establish a meaningful relationship with their father. There was no evidence whatsoever to suggest that the children would benefit from a reduction in visitation during the school year. Under these circumstances, we conclude that the trial court abused its discretion by effectively reducing father's visitation rights during the school year.

The public policy of fostering frequent child visitation is not restricted to those parents who enjoy a regular daytime, weekday work schedule. Rather, in situations in which the non-custodial parent is required to work on an irregular schedule, the trial court must give due consideration to alternative visitation arrangements as a

means of effectuating frequent and continuing visitation within the confines of the non-custodial parent's work schedule. Accordingly, the matter of visitation must be remanded for a redetermination of that portion of the order concerning visitation during the school year.

## II.

■ In regard to the issue of child support, the father asserts the court abused its discretion by refusing to correct an error in its calculation of his gross monthly income. We reverse on the ground that there is no competent evidence to support the trial court's order.

Section 14–10–115(7)(c), C.R.S. (1987 Repl.Vol. 6B) requires a parent's income statement to be verified and supported by accompanying documentation. Here, the father's income statement, on which the trial court based its calculation, was not verified or even signed by the father. In addition, the pay stub attached to that statement did not corroborate, but rather was inconsistent with the amount of monthly income set forth in the statement. Although the mother did submit a child support worksheet which used a lower income figure consistent with the father's pay stub, the record contains no other evidence or testimony as to the father's income. Therefore, as there is no competent evidence to support the trial court's finding of the father's adjusted gross income, and since the father properly called the error to the court's attention in his C.R.C.P. 59 motion, which was denied, the resulting support order must be reversed. *See Wright v. Horse Creek Ranches*, 697 P.2d 384 (Colo.1985) (record must contain evidentiary support for the trial court's findings).

Those portions of the trial court's order concerning child support and concerning visitation during the school year are reversed. On remand, the trial court is directed to redetermine the father's visitation during the school term. The court is also directed to take additional evidence in order to establish a basis for its determination of the father's gross monthly income, and to modify the support order accordingly. The remainder of the existing order concerning visitation is affirmed.

METZGER and CRISWELL, JJ., concur.