In re the **MARRIAGE OF Dianne Marie LESTER, Appellee,**

**and**

**David J. Lester, Appellant.**

**No. 89CA0541.**

Colorado Court of Appeals, Div. V.

April 12, 1990.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

Polidori, Rasmussen, Gerome and Jacobson, Gary L. Polidori and Carl F. Blair, Jr., Lakewood, for appellee.

Bailey and Finegan, Jon Slaughter Pelegrin, Lakewood, for appellant.

Opinion by Judge NEY.

David J. Lester (father) appeals the judgment of the trial court awarding sole custody of two children to Dianne M. Lester (mother) and establishing a visitation schedule. We affirm in part, reverse in part, and remand with directions.

### I.

Father contends that certain amendments to §§ 14–10–123.5 and 14–10–124, C.R.S. (1987 Repl.Vol. 6B) mandate the imposition of joint custody in this case. We disagree.

Prior to the enactment of § 14–10–124(1.5), C.R.S. (1987 Repl.Vol. 6B) in its present form, an imposition of joint custody over the objection of either parent constituted an abuse of discretion. *See In re Marriage of Lampton,* 704 P.2d 847 (Colo.1985). However, § 14–10–124(1.5) now permits the trial court to order joint or sole custody after determining which form of custody is in the best interest of the child.

Nevertheless, we cannot agree with father's argument that the General Assembly intended to state a preference or a mandate for joint custody.

Section 14–10–123.4, C.R.S. (1987 Repl.Vol. 6B) was enacted at the same time as the amendments cited by father. That section provides:

"The general assembly hereby declares that children have certain rights in the

determination of custody, including the right to have such determinations based upon the best interests of the child." This section coupled with the permissive language found throughout §§ 14–10–123.5 and 14–10–124 indicates that the best interests of the child, and not the rights or wishes of either parent, must dictate the outcome of any custody dispute. *See In re Marriage of Dickey*, 658 P.2d 276 (Colo. App.1982). Further, in determining the best interests of the child, the court must consider all relevant factors, including those enumerated in § 14–10–124(1.5).

■ Here, the trial court found sole custody by the mother to be in the children's best interests. Among the factors favoring this determination were the mother's status as primary-caretaker and the parties' lack of communication and poor ability to agree with each other.

As the record supports the trial court's determination, we will not disturb the court's findings on appeal. *In re Marriage of Dickman*, 670 P.2d 20 (Colo.App.1983). Further, because there is ample evidence demonstrating the parties' inability to cooperate, father's argument that the evidence established sufficient agreement to mandate joint custody is without merit.

■ Nor do we agree that the trial court's findings are insufficient. It is not necessary that the trial court make specific findings on each and every factor included in § 14–10–124(1.5). All that is required is an indication that the trial court considered those factors which were pertinent, and that the findings are sufficient to enable this court to determine the grounds for the trial court's decision and whether the decision was supported by competent evidence. *See In re Marriage of Jaramillo*, 37 Colo. App. 171, 543 P.2d 1281 (1975). The findings here are sufficient for these purposes.

## II.

Father next contends that the trial court abused its discretion by eliminating weekday visitation. We agree.

The temporary orders of the trial court incorporated the parties' stipulation that the father was to be accorded visitation with the children on alternative weekends from Friday evening to Sunday evening and on one evening during each week from 5:00 p.m. to 8:00 p.m. Visitation with the children on all holidays and vacations was divided equally between the parties.

■ Visitation orders are within the sound discretion of the trial court. *In re Marriage of Mann*, 655 P.2d 814 (Colo. 1982). This discretion must, however, be exercised consistently with the express public policy of encouraging contact between each parent and the children. *In re Marriage of Velasquez*, 773 P.2d 635 (Colo. App.1989).

■ Here, there is competent evidence to support the trial court's finding that a midweek overnight visitation would be inappropriate. However, by eliminating the midweek visitation entirely, the court limited the father to four days per four-week period, where he previously had portions of eight days in any four-week period.

This restriction on father's visitation is both contrary to the public policy of encouraging frequent visitation and to the evidence in the record. While mother objected to midweek overnight visitation, she stated no objections to continuing with the evening visitation. And, there was no evidence that the children would benefit by the reduction in visitation.

Under these circumstances, we conclude that the trial court abused its discretion by effectively reducing father's visitation rights. Accordingly, the matter of visitation must be remanded for redetermination. *See In re Marriage of Velasquez, supra.*

Father's remaining contentions of error are without merit.

The judgment is affirmed as to the award of sole custody and is reversed as to the visitation permitted father. The cause is remanded for further proceedings on the visitation issue.

DAVIDSON and RULAND, JJ., concur.