In re the MARRIAGE OF Paulette HAMBY, n/k/a Paulette Watson, Garnishor–Appellee,

and

Stanley G. Hamby, Respondent,

and Concerning Colorado Compensation Insurance Authority, Garnishee–Appellant.

No. 96CA2107.

Colorado Court of Appeals, Div. A.

Oct. 30, 1997.

Rehearing Denied Nov. 28, 1997.

Certiorari Denied May 11, 1998.

Robert G. Hancock, Louisville, for Garnishor-Appellee.

Michael J. Steiner, Denver, for Garnishee-Appellant.

Opinion by Chief Judge STERNBERG.

The sole issue in this appeal, brought by the Colorado Compensation Insurance Authority (CCIA) as garnishee, is whether per-

manent partial disability benefits payable under the Workers' Compensation Act, 8–40–101, et seq., C.R.S. 1997, are subject to garnishment for child support. We conclude that under 8–42–124(6), C.R.S. 1997, they may not be garnished; therefore, we reverse the order of the trial court.

Paulette Watson (garnishor) obtained a judgment for child support arrearages against Stanley Hamby, her former husband, and served CCIA with a writ of garnishment. The trial court directed CCIA to pay non-exempt temporary total disability benefits to the garnishor. The payment of those benefits is not at issue here.

Thereafter, CCIA admitted liability to Hamby for permanent partial disability benefits in the amount of $10,296, payable at the rate of $150 per week. In conformance with that admission, the CCIA made several payments to Hamby and, finally, pursuant to his request, paid him a reduced lump-sum award and declined to pay garnishor any funds attributable to the permanent partial disability award. Garnishor moved successfully in the district court that CCIA pay her the funds. This appeal followed.

CCIA contends that 8–42–124(6) specifically exempts permanent partial disability benefits from garnishment for child support and that other statutes, including 14–14–102(9) and 13–54.5–101(2)(b)(I), C.R.S. 1997, which define "wages" and "earnings," respectively, do not apply to workers' compensation benefits. We agree.

Formerly, by statute, workers' compensation benefits could not be attached to satisfy judgments. See In re Marriage of Snyder, 739 P.2d 923 (Colo.App.1987).

The statute, however, was amended in 1987 to except from nonassignability those "amounts due under court-ordered support." See Colo. Sess. Laws 1987, ch. 113, 8–52–107(1) at 594. That statute was repealed and reenacted in 1990 and renumbered as 8–42–124. See Colo. Sess. Laws 1990, ch. 62, 8–52–107.

Colo. Sess. Laws, ch. 62, 8–52–107(6), before its repeal and reenactment in 1990 as 8–42–124(6), also provided that:

Nothing in this section shall be construed to limit in any way the right of any employee to full payment of any award which may be granted to him for permanent partial or permanent total disability under the provision of those articles.

However, in 1992, 8–42–124(6) was amended by adding in pertinent part the following language:

[E]xcept that benefits for permanent total disability shall be subject to wage assignment or . . . garnishment as earnings . . . for the purposes of enforcement of court-ordered support. (emphasis added)

See Colo. Sess. Laws 1992, ch. 40 at 218. That language remains unchanged.

We agree with CCIA's contention that, under the plain language of 8–42–14(6), only permanent total disability benefits can be subject to wage assignment or garnishment to enforce child support orders.

In interpreting the meaning of particular statutory provisions, we seek to discern and give effect to the intent of the General Assembly. Thiret v. Kautzky, 792 P.2d 801 (Colo.1990). When the language is clear so that intent can be determined with reasonable certainty, there is no need to resort to other rules of statutory interpretation. McCarty v. People, 874 P.2d 394 (Colo.1994). This is such a case.

The General Assembly stated previously that workers' compensation benefits were not subject to garnishment. In amending 8–42–124(6), it has expressly stated that permanent total disability benefits are subject to garnishment, but conspicuously missing from the statute is any language making permanent partial disability benefits subject to garnishment. The plain effect is to exclude the latter type of benefits from being garnished.

Garnishor's position is that, if 14–14–102, 13–54.5–101(2)(b)(I), and 8–42–124(6), C.R.S. 1997, are read together, an irreconcilable conflict exists among them. In our view, this argument does not give effect to the plain meaning of 8–42–124(6). See In re Marriage of Snyder, supra.

Garnishor contends that this interpretation of the statute overlooks the presumption that, when enacting a statute, the General

Assembly intends a fair and reasonable result, and "a construction which leads to an absurd result will not be followed." *McClellan v. Meyer,* 900 P.2d 24, 30 (Colo.1995).

We are not without sympathy for the argument that reading 8–42–124(6) as we do leads to an unreasonable result: Why allow permanent total disability benefits to be garnished as any other wages or benefits, but protect permanent partial disability benefits from garnishment? An explanation for this seemingly anomalous result is contained in the proceedings before the Senate Judiciary Committee discussing the bill amending 8–24–124(6). There, Senator Wells explained that he thought permanent partial disability benefits were too low to be subject to child support garnishment. Delinquent funds, he reasoned, could be collected from an employee's earnings, in the future, when he or she returned to work. Hearing on H.B. 92–1232 before Senate Judiciary Committee (March 23, 1992). It must be remembered that, as stated in *Walker v. People,* 932 P.2d 303, 309 (Colo.1997), in construing a statute, our task is to "ascertain and give effect to the intent of the General Assembly, not to second guess its judgment."

Accordingly, we conclude that, by specifically providing in 8–42–124(6) only that benefits for permanent total disability shall be subject to wage or income assignment as wages and subject to garnishment as earnings, it was the intent of the General Assembly to allow garnishment of those benefits and to preclude garnishment of all others, including permanent partial benefits.

The order of garnishment is reversed.

ERICKSON* and KIRSHBAUM*, JJ., concur.

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, Sec. 5(3), and