**Timothy O. HALL, M.D.,
provider, Petitioner,**

v.

**INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE of Colorado, American Manufacturers Mutual Insurance Company, and Nancy Glass, Respondents.**

No. 01CA1570.

Colorado Court of Appeals,
Div. II.

April 10, 2003.

Certiorari Denied July 28, 2003.

Spencer & Spencer, P.C., Patrick C.H. Spencer, II, Colorado Springs, Colorado, for Petitioner.

Ken Salazar, Attorney General, Laurie Rottersman, Assistant Attorney General, Denver, Colorado, for Respondent Industrial Claim Appeals Office.

White & Steele, P.C., John M. Lebsack, Denver, Colorado, for Respondent American Manufacturers Mutual Insurance Company.

No Appearance for Respondent Nancy Glass.

Opinion by Judge MARQUEZ.

In this workers' compensation proceeding involving a request for medical utilization review (MUR), Timothy O. Hall (provider) seeks review of the final order of the Industrial Claim Appeals Office (Panel) upholding the change of physician order entered by the director of the Division of Workers' Compensation and the administrative law judge (ALJ). We affirm.

On August 22, 1996, Nancy Glass (claimant) sustained an industrial injury to her tailbone and hip area. She subsequently developed low back pain and anterior pelvic pain.

On March 22, 1999, the division received the request of the insurance company for a review of provider's treatment. The members of the MUR panel unanimously agreed that the provider's care was not reasonably appropriate according to professional standards to cure and relieve the claimant of the effects of her on-the-job injury. They also unanimously agreed that the provider's treatment plan did not follow the medical treatment guidelines and that the deviations were not reasonable and necessary. The members unanimously recommended that the provider should not continue to treat the patient. Thus, on July 22, 1999, the director entered an order changing claimant's provider in accordance with the MUR panel's recommendations and § 8–43–501(4), C.R.S.2002.

Both the ALJ and the Panel upheld the director's order on review.

I.

The provider first contends that the MUR panel erroneously relied on the division's medical treatment guidelines to determine that his medical care of claimant was not reasonably appropriate. We disagree.

The division's medical treatment guidelines, which are contained in Dep't of Labor & Employment Rule XVII, 7 Code Colo. Regs. 1101–3, were established by the director pursuant to an express grant of statutory authority. *See* § 8–42–101(3.5)(a)(II),

C.R.S.2002 (to be repealed effective July 1, 2003). The guidelines are to be used by health care practitioners when furnishing medical aid under the Workers' Compensation Act. Section 8–42–101(3)(b), C.R.S.2002. Further, Dep't of Labor & Employment Rule XV (H)(2), 7 Code Colo. Regs. 1101–3, specifically provides that MUR panel members must consider all applicable medical treatment guidelines and authorizes the division to provide copies of the guidelines to panel members upon request.

Given the foregoing authority, we are convinced that the statutory and regulatory scheme for a MUR contemplates that the division's medical treatment guidelines are to be regarded as the accepted professional standards for care under the Workers' Compensation Act.

The provider, however, asserts that the guidelines specifically state that they are not to be considered the legal standard of professional care and, therefore, claims that the MUR panel members incorrectly used the guidelines to determine whether the provider's treatment was reasonably appropriate according to accepted professional standards. We disagree.

The provider relies upon the introduction included in each treatment guideline, which states:

> The Division recognizes that acceptable medical practice may include deviations from these guidelines. Therefore, these guidelines are not relevant as evidence of a provider's legal standard of professional care. *E.g.* Dep't of Labor & Employment Rule XVII, Exhibit A, Low Back Pain Medical Treatment Guidelines, 7 Code Colo. Regs. 1101–3.

However, contrary to the provider's position, we agree with the Panel that the proviso included in the introductions does not prohibit consideration of the guidelines as "accepted professional standards" for purposes of an MUR review under § 8–43–501, C.R.S.2002. Rather, by addressing permissible deviations, the provision simply recognizes that certain cases may require treatment modalities that differ from those generally prescribed in the guidelines. We further agree with the Panel that the in-troductory limitation does not prohibit consideration of the guidelines as an "accepted professional standard" of care. Instead, the limitation restricts the use of the guidelines to workers' compensation cases and not to other legal proceedings where the propriety of a physician's care may be relevant.

Accordingly, we reject the provider's contentions that the director was not authorized to question the MUR panel members regarding whether the provider had adhered to the treatment guidelines and whether his medical care of claimant complied with accepted professional standards. Also, the provider refers to *State Board of Medical Examiners v. McCroskey,* 880 P.2d 1188 (Colo.1994), and argues that it requires that he be held to the professional standards utilized in medical malpractice claims. However, *McCroskey* concerned a disciplinary action under the Colorado Medical Practice Act, § 12–36–101, et seq., C.R.S.2002, and it made no mention of either the Workers' Compensation Act or the MUR process. Consequently, we do not regard it as authority for the proposition that the professional standards used in medical malpractice actions and in disciplinary actions under the Colorado Medical Practice Act must be applied in the MUR process in lieu of the treatment guidelines. Similarly, we reject the provider's claim that his treatment was to be assessed under a national standard because he is a specialist.

## II.

 The provider also contends that he was denied due process because the MUR process does not afford him the opportunity to present evidence. Again, we disagree.

The provider argues that an adverse decision will impact his reputation and his ability to pursue his chosen occupation. He also asserts that his professional license and his Level I and II accreditation will be threatened. He essentially asserts that these effects amount to imposition of a sanction without any meaningful opportunity to address the questions given to the panel members or otherwise present evidence to rebut the findings of the panel members.

In *Carlson v. Industrial Claim Appeals Office,* 950 P.2d 663 (Colo.App.1997), a division of this court determined that a provider's interest in his or her reputation and the ability to pursue prospective employment do not qualify as liberty interests within the context of the MUR proceeding and, therefore, are not subject to constitutional protection. The division also found that an accredited provider possesses no statutory right, either express or implied, to treat any claimant for his or her work-related injury or to continue to provide treatment. Therefore, the division also determined that a provider lacks a recognized property interest that would require the protections of due process.

We conclude that *Carlson* is dispositive of the provider's due process claim.

The order is affirmed.

Judge NEY and Judge CARPARELLI concur.