DIVISION OF CHILD SUPPORT ENFORCEMENT, Petitioner,

v.

INDUSTRIAL CLAIM APPEALS OFFICE OF THE STATE OF COLORADO, David Rodgers, ADP Total Source/Auto Transport, and Royal Indemnity C/O Specialty Risk Services, Respondents.

No. 04CA0523.

Colorado Court of Appeals, Div. II.

Dec. 2, 2004.

Certiorari Denied April 18, 2005.

Ken Salazar, Attorney General, Laurie A. Schoder, Assistant Attorney General, Denver, Colorado, for Petitioner.

Ken Salazar, Attorney General, Jill M. Gallet, Assistant Attorney General, Denver, Colorado, for Respondent Industrial Claim Appeals Office.

Ledbetter & Thomas, P.C., D. Dale Sadler, Denver, Colorado, for Respondent David Rodgers.

No Appearance for Respondents Royal Indemnity C/O Specialty Risk Services and ADP Total Source/Auto Transport.

ROTHENBERG, J.

In this workers' compensation proceeding, the Division of Child Support Enforcement (CSE) seeks review of the final order issued by the Industrial Claim Appeals Office (Panel) concluding that a lump sum settlement awarded to David Rogers (claimant) was not subject to attachment and lien for unpaid child support under § 8–43–204(4), C.R.S. 2004. We set aside the order and remand with directions.

In April 2001, claimant sustained an industrial injury. He settled his claim for a lump sum payment of $25,000, which was approved by the Division in December 2002. At the time the settlement was approved, claimant owed unpaid child support totaling $5,793.83, and CSE filed an administrative lien for that

amount. Claimant objected, maintaining that the attachment and lien procedure authorized by § 8–43–204(4)—which was enacted as part of House Bill 01–1264 on May 31, 2001, *see* Colo. Sess. Laws 2001, ch. 214 at 720–21—could not be applied to his settlement because his injury occurred before the enactment date.

The administrative law judge (ALJ) rejected claimant's argument, concluding claimant's lump sum settlement was subject to the lien filed by CSE. However, the Panel disagreed and reversed the ALJ's order. Thereafter, $5,793.83 of claimant's settlement was placed in escrow pending a final determination regarding the validity of CSE's lien. Claimant received the balance of the settlement proceeds.

■ CSE contends § 8–43–204(4) represents a procedural amendment to the law of workers' compensation, and therefore may be applied retroactively to lump sum settlements reached in cases where the industrial injury occurred before the amendment was enacted. CSE thus contends the Panel erred in determining that claimant's settlement was not subject to the lien filed by CSE. We agree.

Colo. Const. art. II, § 11 provides, "No ex post facto law, nor law impairing the obligation of contracts, or retrospective in its operation ... shall be passed by the general assembly."

■ Determining whether a statute violates the retrospectivity prohibition requires a two-step inquiry. The reviewing court first must determine whether the General Assembly intended the challenged statute to operate retroactively. If retroactive application was intended, the court must then determine whether the challenged statute is unconstitutionally retrospective in that it takes away or impairs a vested right acquired under existing laws. *See In re Estate of DeWitt*, 54 P.3d 849 (Colo.2002); *American Compensation Insurance Co. v. McBride*, 107 P.3d 973, 2004 WL 1117885 (Colo.App. No. 02CA2416, May 20, 2004); *Trailer Haven MHP, LLC v. City of Aurora*, 81 P.3d 1132 (Colo.App.2003).

Section 26–13–122, C.R.S.2004, authorizes the child support enforcement unit to file administrative liens for the collection of current and past due child support obligations against workers' compensation benefits. Such liens have priority over any other garnishment, lien, or income assignment and shall not be modified or terminated except by written notice from CSE.

Before the enactment of House Bill 01–1264, only temporary total disability (TTD) and permanent total disability (PTD) benefits could be attached for enforcement of child support orders. *See In re Marriage of Hamby*, 954 P.2d 635 (Colo.App.1997). House Bill 01–1264 modified § 8–42–124(6), C.R.S.2004, by authorizing the attachment of permanent partial disability (PPD) benefits, and also added § 8–43–204(4), which provides, in pertinent part:

> If an employee owes child support and ... the state child support enforcement agency has filed a notice of administrative lien and attachment ... all proceeds of any award, lump sum settlement, and the indemnity portion of any structured settlement shall be subject to said ... administrative lien and attachment. Proceeds up to the amount of the ... administrative lien and attachment shall be paid as directed on the notice to the obligee or to the state child support enforcement agency on behalf of the obligee to whom support is owed.

In *American Compensation Insurance Co. v. McBride, supra,* a division of this court concluded that the amendment to § 8–42–124(6), which permitted attachment of PPD benefits, could be applied retroactively without violating the constitutional prohibition against retrospective legislation. Although *McBride* addressed a different statute, we are persuaded by its analysis and its conclusion that House Bill 01–1264 created a procedural, rather than a substantive, amendment to § 8–42–124(6).

The division in *McBride* first determined that the presumption of prospectivity, which ordinarily attaches to legislative enactments, was overcome by indications of legislative intent to the contrary. The division reasoned that (1) a claimant does not have a constitutionally protected right to workers'

compensation benefits; (2) the right to receive such benefits vests upon the entry of an award; (3) the claimant did not have a vested right to receive PPD benefits directly; and (4) the child support attachment lien applied to benefits for injuries that occurred before the date of the statutory amendment.

The *McBride* division concluded that the statutory amendment did not impair the claimant's substantive rights because he received the same amount of benefits as before. The amendment merely created a new enforcement remedy by allowing a portion of his award to be sent directly to the child support registry to satisfy his preexisting child support obligation. We are persuaded by the *McBride* analysis and conclude it is equally applicable to § 8–43–204(4) and the circumstances here, because claimant's award vested after the statutory amendment was enacted.

We therefore set aside the Panel's order and remand for reinstatement of the ALJ's determination that claimant's lump sum settlement is subject to the lien filed by CSE.

The order is set aside, and the case is remanded for further proceedings as directed.

Judge NIETO and Judge LOEB concur.