**Jack ROOK, M.D., Petitioner,**

**v.**

**INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE of Colorado and Safeco Insurance, Respondents.**

**No. 03CA0700.**

Colorado Court of Appeals, Div. III.

Jan. 13, 2005.

Certiorari Denied May 16, 2005.

Steven U. Mullens, P.C., Steven U. Mullens, Colorado Springs, Colorado, for Petitioner.

No Appearance for Respondent Industrial Claim Appeals Office.

Ritsema & Lyon, P.C., Carol A. Finley, T. Paul Krueger, II, Denver, Colorado, for Respondent Safeco Insurance.

VOGT, J.

In this workers' compensation proceeding involving a request for medical utilization review (MUR), Jack Rook, M.D. (provider), seeks review of a final order of the Industrial Claim Appeals Office (Panel) upholding the change of physician order entered by the director of the Division of Workers' Compensation and affirmed by the administrative law judge (ALJ). We affirm.

Marie Kilwein (claimant) sustained an admitted injury in 1980. Provider first evaluated claimant in 1990 and treated her thereafter, continuing after she reached maximum medical improvement in 1994.

In 2001, Safeco Insurance (insurer) requested an MUR to review provider's care. The request was accompanied by a sixty-two-page "medical chronology" prepared by a registered nurse, as well as over 1,000 pages of medical records. Claimant and provider submitted additional records.

A three-physician MUR panel reviewed the records and unanimously recommended that provider not continue to treat claimant. Giving "great weight" to the MUR panel's recommendation, the director entered a change of provider order. Provider then moved to strike the order based on insurer's asserted noncompliance with the statutory requirement that it submit a review of the services rendered along with its MUR request. The director denied the motion, finding that the nurse's medical chronology qualified as the report required by the statute.

Provider sought review of the director's orders in accordance with § 8–43–501(5)(a), C.R.S.2004, and the ALJ upheld the orders. The Panel affirmed.

I.

Provider contends that insurer did not comply with the requirements set forth in § 8–43–501(2)(b), C.R.S.2004, for commencing an MUR review, and that the director, the ALJ, and the Panel erred in reaching a contrary conclusion. We disagree.

A.

As an initial matter, we agree with provider that the current version of § 8–43–501(2)(b), enacted in 1994, rather than the earlier version cited by insurer, sets forth the procedure applicable to insurer's MUR request. *See Kinninger v. Indus. Claim Appeals Office,* 759 P.2d 766 (Colo.App.1988) (while substantive rights and liabilities of parties in workers' compensation cases are determined by statute in effect at time of claimant's injury, procedural statutory amendments are applicable to all cases pending at time new statute becomes effective unless General Assembly has expressed a contrary intent); *see also Division of Child Support Enforcement v. Indus. Claim Appeals Office,* 109 P.3d 1042, 2004 WL 2744613 (Colo.App. No. 04CA0523, Dec. 2, 2004) (statute authorizing attachment of settlement proceeds for unpaid child support was procedural and could be applied retroactively); *American Compensation Ins. Co. v. McBride,* 107 P.3d 973, 2004 WL 1117885 (Colo.App. No. 02CA2416, May 20, 2004) (procedural statutes in workers' compensation cases relate to remedies or modes of procedure to enforce rights or liabilities of parties).

Section 8–43–501(2)(b) states:

Prior to submitting a request for a utilization review pursuant to this section, an insurer, self-insured employer, or claimant shall hire a licensed medical professional to review the services rendered in the case. A report of the review shall be submitted

with all necessary medical records, reports, and the request for utilization review.

## B.

Provider argues that, (1) as a jurisdictional prerequisite to a request for MUR, § 8–43–501(2)(b) calls for an independent medical examination and a report analogous to the certificate of review required under § 13–20–602(3)(a), C.R.S.2004, in professional malpractice cases; and (2) the nurse's report submitted here, which contained no medical opinion concerning the services rendered, does not satisfy the statutory requirement. We are not persuaded.

■ In interpreting a statute, we must determine and give effect to the intent of the General Assembly. To this end, we look first to the statutory language, affording the words their plain and ordinary meaning. We may not read into a statute a provision not found in it. *Compton v. Indus. Claim Appeals Office,* 13 P.3d 844 (Colo.App.2000).

■ In construing a workers' compensation statute, we afford deference to the statutory construction of the director as the administrative official charged with the statute's enforcement. *See Larimer County School Dist. Poudre R–1 v. Indus. Commission,* 727 P.2d 401 (Colo.App.1986). We will set aside the Panel's interpretation only if it is inconsistent with the clear language of the statute or with the legislative intent. *Rocky Mountain Cardiology v. Indus. Claim Appeals Office,* 94 P.3d 1182 (Colo.App.2004).

The Division of Workers' Compensation has promulgated rules to implement and establish procedures for the MUR program. As relevant here, Department of Labor & Employment Rule XV(c)(2), 7 Code Colo. Regs. 1101–3, provides that a party requesting an MUR must include in its medical records package a "case report which shall be prepared, signed and dated by a licensed medical professional." The report is to be limited to certain specified information regarding the provider, the claimant, the claimant's work-related injury, and the date of initial treatment, as well as "a brief chronological history of treatment to the present date, and any significant contributing factors which may have had a direct effect on the length of treatment (e.g., diabetes)."

Here, provider does not dispute that the nurse who prepared the medical chronology was a licensed medical professional or that the chronology contained the information required under Rule XV(c)(2). He nevertheless challenges the determination by the director and the ALJ that the chronology "qualifie[d] as the report of the review of services required by § 8–43–501[ (2)(b) ]." We find no basis for reversal.

■ The director's determination that a report complying with Rule XV(c)(2) satisfies the statutory requirements is not inconsistent with the clear language of § 8–43–501(2)(b). *See Rocky Mountain Cardiology v. Indus. Claim Appeals Office, supra.* Contrary to provider's contentions, the statute on its face requires neither an "independent medical examination," nor a medical opinion concerning the services rendered, nor a "certificate of review" addressing the necessity and appropriateness of the provider's services. Had the General Assembly intended to include these requirements, it could have done so, but it did not. We will not read such provisions into the statute. *See Compton v. Indus. Claim Appeals Office, supra.*

■ Moreover, the MUR process contemplates that the substantive analysis of the necessity and appropriateness of a provider's treatment will be provided by the three-member MUR panel, as was done in this case. Thus, the absence of a medical opinion in the initial report required under § 8–43–501(2)(b) is not, as provider argues, inconsistent with the stated purpose of the MUR to "provide a mechanism to review and remedy services rendered pursuant to this article which may not be reasonably necessary or reasonably appropriate according to accepted professional standards." Section 8–43–501(1), C.R.S.2004.

■ Finally, we perceive no statutory violation based on the fact that the nurse who prepared the chronology may have been insurer's employee, or based on the fact that insurer may have been contemplating an

MUR request when the nurse was preparing her report. The statute states that the party requesting MUR review "shall hire a licensed medical professional to review the services rendered in the case" prior to submitting its request, and that the licensed medical professional's report shall be submitted with the MUR request. The procedure of which provider complains did not violate those requirements.

## II.

Provider next contends that the director's change of provider order should have been reversed because the opinions of the MUR panel members upon which the director relied are "legally and factually unsupportable." Again, we disagree.

### A.

We initially reject provider's argument that "due process ought to prohibit" the MUR panel members from substituting their judgment for his in the absence of an evidentiary hearing at which he could cross-examine the panel members.

■ Other divisions of this court have recognized that a workers' compensation claimant does not have a property interest in receiving medical care from a particular provider, and that a particular physician does not have a property right in providing medical care to a particular claimant. Thus, absent circumstances involving retroactive denial of fees or revocation of the provider's accreditation, there is no due process right to a hearing before a change of provider may be ordered. *See Carlson v. Indus. Claim Appeals Office*, 950 P.2d 663 (Colo.App.1997); *see also Hall v. Indus. Claim Appeals Office*, 74 P.3d 459 (Colo.App.2003).

We agree with *Carlson* and *Hall* and conclude that they are dispositive of provider's contention.

### B.

Nor do we agree with provider that the panel members' opinions were insufficient to support the director's order.

■ Although provider cites evidence that, he contends, establishes that his care was appropriate, a majority of the MUR panel members found otherwise. The director properly gave great weight to the panel's recommendation that provider not continue to treat claimant. *See* § 8–43–501(3)(d), C.R.S.2004; *Carlson v. Indus. Claim Appeals Office, supra.* Unless the assessment is entirely arbitrary or based on factors other than medical considerations, neither the director, the ALJ, the Panel, nor a reviewing court may substitute its judgment for the assessment of provider's care made by a panel of physicians.

■ Moreover, the MUR panel's opinions were not legally insufficient because they failed to identify what "professional standard" provider's care did not meet.

As the Panel noted, the Division's medical treatment guidelines, found in Department of Labor & Employment Rule XVII, 7 Code Colo. Regs. 1101–3, are regarded as the accepted professional standards for care under the Workers' Compensation Act, and MUR panel members are directed to consider them. *See Hall v. Indus. Claim Appeals Office, supra.* These guidelines require, among other things, that chronic pain patients be taught self-coping skills and independent pain management; that care be taken to avoid treatments that foster a sense of dependence by the patient on the caregiver; and that long-term use of opioids be subject to ongoing review and documentation.

■ Here, the two panel members who found provider's care inappropriate concluded that his treatments were excessive. One of them noted that provider's treatment was "way in excess of treatment guidelines," that no attempt had been made to transition claimant to self-management, and that documentation of objective physical findings was lacking. The other found provider's diagnosis to be poorly supported and his treatments not only inappropriate but harmful. These findings show the basis for the panel members' determination that provider's treatment was not appropriate under the controlling professional standards, and they sufficiently

support the director's change of provider order.

The order of the Panel is affirmed.

Judge TAUBMAN and Judge NEY concur.