25CA0266 MC v Cherry Creek 02-26-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA0266
Arapahoe County District Court No. 24CV31375
Honorable Elizabeth Beebe Volz, Judge

M.C., a minor, by and through Carolan and Jonathan C.,

Plaintiff-Appellant,

v.

Cherry Creek School District Board of Education,

Defendant-Appellee.

ORDER AFFIRMED

Division VII
Opinion by JUDGE PAWAR
Johnson and Gomez, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 26, 2026

The Harris Law Firm, PLLP, Eric Limegrover, Denver, Colorado, for Plaintiff-Appellant

Semple, Farrington, Everall & Case, P.C., Holly Ortiz, Denver, Colorado, for Defendant-Appellee

¶ 1     M.C., a minor appearing through her parents, appeals the district court's order denying her petition to set aside the Cherry Creek School District Board of Education's decision to expel her from school. We affirm.

## I.     Background

¶ 2     M.C. was a freshman at Cherry Creek High School when she made a social media post threatening to "shoot up the school," starting with her math teacher. The FBI, police department, and high school were notified. The school district held an expulsion hearing after which the hearing officer recommended that M.C. be expelled for one year. The superintendent followed the hearing officer's recommendation but noted that the earliest M.C. could be eligible for readmission was May 28, 2024 (approximately two months later).

¶ 3     M.C. appealed the expulsion decision to the Board of Education. The Board held a hearing and affirmed the decision, and it shortened M.C.'s expulsion period to two months.[1]

---

[1] Though the Board unanimously voted to affirm the expulsion, one Board member voted against shortening the duration, citing the seriousness of the offense.

¶ 4    M.C. then filed a petition in district court to set aside the Board's decision under section 22-33-108(2), C.R.S. 2025.  The court held another hearing and upheld the expulsion.

¶ 5    M.C. appeals, arguing the Board failed to meaningfully consider the factors required under section 22-33-106(1.2), C.R.S. 2025; improperly relied on other considerations; and violated her right to due process.  We disagree with these arguments and affirm.

## II.    Standard of Review and Applicable Law

¶ 6    We review the Board's expulsion decision pursuant to C.R.C.P. 106(a)(4).  § 22-33-108(3).  In doing so, we review the decision of the Board itself rather than the district court's determination upholding the Board's decision.  *Bd. of Cnty. Comm'rs v. O'Dell*, 920 P.2d 48, 50 (Colo. 1996).

¶ 7    Under C.R.C.P. 106(a)(4), our review is limited to a determination of whether the Board exceeded its jurisdiction or abused its discretion, based on the evidence in the record before it. The Board abuses its discretion if it misapplies the law or if no competent record evidence supports its decision.  *Alpenhof, LLC v. City of Ouray*, 2013 COA 9, ¶ 9.

¶ 8     When, as here, an appeal raises questions of statutory interpretation, we review those questions de novo. *Lewis v. Taylor*, 2016 CO 48, ¶ 14. In interpreting a statute, we must determine and give effect to the legislature's intent. *Rook v. Indus. Claim Appeals Off.*, 111 P.3d 549, 552 (Colo. App. 2005). We look to the statutory language, affording the words their plain and ordinary meaning. *Id.* We do not read provisions into a statute that are not there. *Id.*

¶ 9     Section 22-33-106(1.2) provides that before suspending or expelling a student, a school district "shall consider" six factors: the student's age, the student's disciplinary history, whether the student has a disability, the seriousness of the policy violation, whether the violation posed a threat to the safety of others, and whether lesser intervention would adequately address the conduct. The statute is silent as to whether the court must make findings about the factors.

### III.   The Board Considered the Factors

¶ 10     M.C. acknowledges that, during the proceedings below, the Board stated multiple times that it considered the factors required by section 22-33-106(1.2) in reaching its expulsion decision.

Indeed, at the hearing on M.C.'s appeal, the high school principal, a member of the Board, and the Board's attorney all stated on the record that the Board considered the six factors in reaching its decision. The Board reiterated as much in its written resolution.

¶ 11 Nevertheless, M.C. argues the Board failed to comply with section 22-33-106(1.2) because it did not analyze the factors or provide sufficient reasoning or interpretation to allow for meaningful judicial review. We are not persuaded.

¶ 12 The plain language of the statute simply requires the Board to "consider" the six factors. We disagree with M.C. that such consideration necessarily requires the Board to make a record of its analysis or findings related to each of those factors. *See Rook*, 111 P.3d at 552 ("Had the General Assembly intended to include these requirements, it could have done so, but it did not."). To the contrary, divisions of this court have consistently held that when a statute directs a decision maker to "consider" a list of factors, it "need not make specific findings on each and every factor . . . so long as there is some indication in the record that the pertinent factors were considered." *People in Interest of A.M.K.*, 68 P.3d 563,

565-66 (Colo. App. 2003) (discussing a court's statutory obligation to consider certain factors in allocating parental responsibilities).

¶ 13     The record contains more than enough evidence to demonstrate that the Board considered the statutory factors. In a lengthy report of factual findings, the hearing officer discussed each statutory factor and determined that "considering [these factors], the balance tilts towards the serious nature of the threat made to shoot up the school and target a specific teacher, thus expulsion is warranted in this matter." In its resolution of M.C.'s appeal, the Board affirmed that it received, reviewed, considered, and adopted the hearing officer's findings. As it did at the hearing, the Board expressly stated that it considered the six statutory factors in reaching its decision.

¶ 14     To support her argument that more analysis was required, M.C. relies on *In re Marriage of Badawiyeh*, 2023 COA 4, ¶ 15, and *In re Marriage of Jaramillo*, 543 P.2d 1281, 1282 (Colo. App. 1975), when divisions of this court concluded that — in different contexts — the trial courts' findings on statutorily required factors were insufficient. But in those cases, the court failed to consider the factors in the relevant statutes altogether. *See Badawiyeh*, ¶ 15

("[A]side from [an observation about father's travel plans], the court did not address any of the remaining statutory factors."); *see also Jaramillo*, 543 P.2d at 1282 ("[N]o findings were made as to any of these factors."). Given the Board's express recitation of the statutory factors and adoption of the hearing officer's factual findings, in addition to the multiple hearings informing the Board's decision, the record here does not suffer the same shortcomings.

¶ 15 Moreover, the decision in *Jaramillo* was based on the trial court's failure to comply with C.R.C.P. 52(a), which applies in cases tried to a court without a jury. *Jaramillo*, 543 P.2d at 1282. We are not convinced that the same considerations apply in this administrative context. But in any event, we conclude the record in this case is sufficient to meet the standard articulated in *Jaramillo* and cited by M.C. That is, the Board's written decision and statements at the hearing are "sufficient to enable this court to determine on what ground the [Board] reached its decision, and whether that decision was supported by competent evidence." *Id.*; *see also Mohawk Data Scis. Corp. v. Indus. Comm'n*, 671 P.2d 1335, 1338 (Colo. App. 1983) (an administrative body is not held to a "crystalline standard" in articulating its findings (citation omitted)).

¶ 16     We further disagree with M.C. that additional analysis is required for us to meaningfully review the Board's decision. Because we are not the fact finder, we cannot weigh the evidence or substitute our own judgment for that of the Board. *See Johnson v. Civ. Serv. Comm'n,* 2018 COA 43, ¶ 16. Instead, our role is to determine whether there is some competent evidence to support the Board's decision, including its compliance with section 22-33-106(1.2). Based on the hearing officer's findings of fact, the Board's statements at M.C.'s appeal hearing, and the Board's written decision, we conclude the statute was satisfied. *See Alpenhof,* ¶ 19 (to warrant reversal under C.R.C.P. 106(a)(4), the record must be "so devoid of evidentiary support that it can only be explained as an arbitrary and capricious exercise of authority" (quoting *Ross v. Fire & Police Pension Ass'n,* 713 P.2d 1304, 1309 (Colo. 1986))).

IV.     Additional Arguments

¶ 17     M.C. next argues that the Board failed to properly consider her symptoms which could be interpreted as indicia of a disability and whether lesser interventions would have been appropriate, thereby undermining the intent of section 22-33-106. But the Board considered the hearing officer's findings that M.C. suffered from

7

symptoms of anxiety and ADHD, as well as the hearing officer's determination that this evidence did not outweigh the severity of M.C.'s conduct. As described by the hearing officer, M.C.'s attorney and family also argued for lesser interventions and "provided significant mitigation that justifies serious consideration for a return to school with alternative consequences." The Board's decision to shorten the expulsion period from one year to two months demonstrates that it considered and gave effect to this alternative.

¶ 18    M.C. also asserts that the Board improperly considered its potential liability under the Claire Davis School Safety Act. That statute imposes a duty on all school districts to exercise reasonable care to protect students, faculty, and staff from harm, and it exposes them to liability for failing to meet that duty. § 24-10-106.3(3)-(4), C.R.S. 2025. But even assuming the Board considered its potential liability among other factors, M.C. does not explain why such consideration was improper. Indeed, section 22-33-106(1.2) requires the Board to consider six enumerated factors in reaching an expulsion decision, but it does not prevent it from considering other factors that may be relevant. And to the extent

8

M.C. argues the hearing officer expelled her out of concern that failure to expel could subject the school to liability under the Claire Davis School Safety Act or that the Act otherwise mandated expulsion, we perceive nothing in the record or the hearing officer's report of factual findings to support that conclusion.

¶ 19 Finally, M.C. argues that the Board deprived her of due process by (1) failing to provide her with certain records before the initial expulsion hearing and (2) failing to conduct a meaningful review of the statutory factors. We conclude M.C.'s first argument is undeveloped, and her second argument is unpreserved.

¶ 20 To prevail on a procedural due process claim, a party must show that she has suffered prejudice resulting from the alleged violation. *Gessler v. Smith*, 2018 CO 48, ¶ 43. M.C. has not met her burden to demonstrate prejudice here. While she argues that the Board's failure to provide certain records prevented her from developing an informed response or securing witness testimony, she does not indicate what witnesses she would have called or how earlier access to any documents would have changed her approach at the hearing. We therefore decline to address this aspect of her

due process argument as undeveloped. *See Barnett v. Elite Props. of Am., Inc.*, 252 P.3d 14, 19 (Colo. App. 2010).

¶ 21     As to M.C.'s argument that she was deprived of due process by the Board's failure to meaningfully consider the factors in section 22-33-106(1.2), the district court properly declined to consider this argument because it was raised for the first time in M.C.'s reply brief. *See Meadow Homes Dev. Corp. v. Bowens*, 211 P.3d 743, 748 (Colo. App. 2009). M.C. asserts that her argument has always been that the Board's failure to comply with section 22-33-106(1.2) deprived her of due process. But as we read her petition to the district court, M.C. argued only that the Board abused its discretion by failing to meaningfully consider the factors in the statute. She did not cite or discuss her right to procedural or substantive due process — despite doing so with regard to the Board's failure to disclose her records. On this record, we conclude the district court properly determined that M.C.'s due process claim was unpreserved. Accordingly, M.C. is not entitled to relief.

## V.    Attorney Fees

¶ 22     We deny the Board's request for appellate attorney fees and costs because it has failed to cite any legal authority for the request.

*See* C.A.R. 39.1 (party claiming attorney fees must explain the legal and factual basis for an award).

VI.   Disposition

¶ 23    The order is affirmed.

JUDGE JOHNSON and JUDGE GOMEZ concur.